NASH, APPELLANT, *v.* TREAT ET AL., RESPONDENTS.

(No. 3,098.)

(Submitted March 18, 1912. Decided March 22, 1912.)

[122 Pac. 745.]

*Default  Judgments — Setting  Aside — Excusable  Neglect — Terms—Discretion.*

Default Judgments—Setting Aside—When Proper.
    1.   Where a motion to open and set aside a default judgment is made promptly and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion.

Same—Excusable Neglect.
  2.   Under the rule that when a default judgment has been rendered because of the failure of another person, upon whom defendant relied to make defense for him, or who is chargeable with that duty by virtue of the relation of the parties, to do so, relief will be granted on the ground of excusable neglect, *held,* that such a judgment in an action on a note against husband and wife, entered against the latter, was properly set aside where she alleged in her affidavit filed in support of her motion, *inter alia,* that her husband had promised to attend to the defense for her, and that, relying upon such promise, she had failed to make appearance.

Same—Imposition of Terms—Discretion.
  3.   An order vacating a default judgment will not be set aside merely because the court failed to impose terms, as it might have done under section 6589, Revised Codes.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

ACTION by Frank L. Nash against D. E. Treat and another. From an order setting aside a default judgment, plaintiff appeals.    Affirmed.

Cause submitted on briefs of counsel.

*Mr. J. L. Staats,* for Appellant.

*Mr. H. D. Kremer,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from an order setting aside a default and judgment. The complaint contains two causes of action.    The first is against the defendant D. E. Treat, and seeks recovery upon a promissory note executed by him and delivered to the plaintiff under date of November 6, 1907, for $183.55, and due six months after date, with interest at ten per cent per annum, less a credit of $20.02. It provides for a reasonable attorney's fee, and it is alleged that $50 is a just allowance on this behalf.    The second cause of action is against both defendants, and seeks recovery for the principal sum mentioned in the note, and alleges, in substance, that the defendants being indebted to the plaintiff for goods, wares, and merchandise sold and delivered to them, as husband

and wife, for their joint benefit, and for the support of their family, the note was executed by defendant D. E. Treat for the purpose of securing an extension of time for payment only, for the benefit of both defendants. Judgment is demanded for the full amount of the principal sum, with interest at ten per cent per annum, less the credit of $20.02, with $50 attorney's fee. The defendants having failed to appear and make defense, upon application by counsel for plaintiff, the court rendered and caused judgment to be entered against both defendants for the amount due on the note, together with $50 for an attorney's fee and costs. Default was taken, and judgment entered on August 12, 1911. The motion to set aside the default and vacate the judgment was made on September 8, 1911, on behalf of the wife only. It was supported by an affidavit by this defendant and accompanied by a proposed answer, which upon its face states a defense. The affidavit contains these statements: ''The summons and a copy of the complaint in this action were served upon me on July 17, 1911. At the time the same were served upon me, D. E. Treat, one of the defendants in this action, promised to consult an attorney and enter a defense to this action. * * * No part of the merchandise which formed the basis of this action was furnished to me or was used upon any of my property. The same were not necessaries. I depended and relied upon the defendant D. E. Treat to make an appearance in this action, and, so relying upon him, did not know that an appearance for myself or defendant D. E. Treat had not been made, until after default had been entered. A short time after I was served with summons, it was necessary for me to leave the city of Bozeman, and I did not return until it was too late for me to consult counsel and make an appearance. In view of the above statements, judgment was taken against me by surprise. And I further say that I have fully and fairly stated the facts of the case in this cause to H. D. Kremer, my counsel, who resides in the city of Bozeman, state of Montana, and after such statement, I am advised by him that I have a good and substantial defense on the merits of this action, and I verily believe the same to be true.'' Coun-

sel for plaintiff filed a counter-affidavit controverting most of the facts stated by defendant, particularly as to her absence from the city of Bozeman, and her want of time to make her appearance. It does not controvert the fact that her codefendant promised to enter an appearance and make defense, and that she relied upon him to do so. We have presented, therefore, the single question whether defendant's failure to appear because of her reliance upon the promise of her codefendant was excusable neglect.

While the courts should adhere to the rule that a party who has suffered a default ought not to have relief except upon showing a substantial excuse for his apparent neglect because the adverse party is *prima facie* justly entitled to the advantage which he has secured by the default, yet they should not indulge in refined distinctions or assign importance to matters of form, which might result in a denial of justice. Each case must be determined upon its own facts; and, when the motion is made [1] promptly and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion. (*Benedict* v. *Spendiff*, 9 Mont. 85, 22 Pac. 500; *Morse* v. *Callantine*, 19 Mont. 87, 47 Pac. 635; *Eakins* v. *Kemper*, 21 Mont. 160, 53 Pac. 310.)

The affidavit of defendant is not explicit in stating that her husband promised to make defense for her, but, taken as a whole, it is clear that she understood such was the case. It was but natural that she should look to him, as the head of the family, to employ an attorney to make defense; and, if her statement is to be taken as true, she did so. By deputing him to look after her defense, she manifested her intention not to allow judgment to go against her. Moreover, if the statements in her affidavit and answer are true, she is not liable in any amount, because the indebtedness was not incurred by her or in her behalf. In any event, the note was not her contract, and a judgment against her for the amount of it, with interest at a rate higher than the legal rate, and for an attorney's fee which it is not alleged she agreed to pay, is manifestly unjust. Doubtless this was one considera-

tion which moved the court to grant her an opportunity to make a defense. It is the general rule that when a judgment has been **[2]** rendered against a defendant who is in default for the reason that another person upon whom he has relied to attend to the defense for him, or who is chargeable with that duty by vir-. tue of the relation of the parties, has neglected to do so, relief will be granted on the ground of excusable neglect. (23 Cyc. 936.) This court recognized and applied the rule in *Heardt* v. *McAllister,* 9 Mont. 405, 24 Pac. 263, and in *Morse* v. *Callantine, supra.* Whether the defendant was present at Bozeman during the time she had to make her appearance is not material, if as a matter of fact she relied upon the promise of her husband to save her default.

Viewing the case as a whole, we do not think the court abused its discretion in holding that the neglect of the defendant was excusable. Under the statute (Rev. Codes, sec. 6589) the court **[3]** might have imposed terms; but we do not think that its action should be overturned because it did not. (*Pengelly* v. *Peeler,* 39 Mont. 26, 101 Pac. 147.)

The order is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.