## BROTHERS, Respondent, *v.* BROTHERS, 'Appellant.

### (No. 5,518.)

(Submitted September 18, 1924.  Decided October 20, 1924.)

[230 Pac. 60.]

*Default   Judgments—Setting Aside—Excusable Neglect—Abuse of Discretion—Defendant Mentally Weak—Duty of Courts.*

Default Judgment—Facts Disclosing Defense may Appear by Affidavit of Merits or Answer.

1.   On motion to set aside a default judgment the facts disclosing a defense to the action may appear in the form of an affidavit of merits or by a proffered answer.

Same—Defendant Mentally Weak—Refusal to Open Default—Abuse of Discretion.

2.   Where affidavits in support of a motion to vacate a default judgment disclosed that defendant had been restored to capacity about eight months before summons was served on her, that at that time she was still of doubtful mentality and was under the impression that by appearing before a notary public to give her deposition at the instance of plaintiff she had made appearance in the cause, a case of excusable neglect was made under section 9187, Revised Codes, and the court abused its discretion in refusing to grant the motion.

Same—Each Case Decided on Own Facts—Doubt as to Merits of Application to be Decided in Favor of Movant.

3.   Each case wherein it is sought to have a default judgment set aside must be determined on its own facts, and where the showing made leaves the court in doubt or is one upon which reasonable men might reach different conclusions, the doubt should be resolved in favor of the motion.

Same—Refusal to Set Aside—Slight Abuse of Discretion Sufficient for Reversal of Order.

4.   Since courts universally favor trial on the merits, slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal of the order.

Same—Defendant Mentally Weak—Duty of Courts.

5.   Courts must carefully guard the rights of those whose mental condition is such that they cannot fully and understandingly act upon their own judgment in the ordinary affairs of life, and where there exists substantial doubt as to the mental competency of the party against whom a default has been taken, the courts should resolve the doubt in favor of the application rather than maintain too strict a regard for technical rules of procedure.

Same—Lack of Diligence in Movant—Facts Held not to Sustain Contention.

6.   Contention that defendant, who was mentally weak, did not exercise due diligence in making application to have a default judgment set aside, *held* not supported by the facts.

---

2.   Necessity that plaintiff in equitable action to set aside judgment should plead meritorious defense, see note in **Ann. Cas.** 1913E, 124.

*Appeal from District Court, Jefferson County; Lyman H. Bennett, Judge.*

ACTION by Silas W. Brothers against Catherine Brothers. From an order denying motion to set aside a default and judgment against her defendant appeals.

Cause submitted on briefs of counsel.

*Mr. Howard A. Johnson,* for Appellant.

Where the showing made in such a case as this leaves a doubt in the mind of the court, that doubt should be resolved in favor of the motion, so as to further justice and secure a trial and judgment on the merits. (*Wolff* v. *Canadian Pac. Ry. Co.,* 123 Cal. 535, 56 Pac. 453; *Merchants' A. S. Co.* v. *Los Angeles B. Co.,* 128 Cal. 619, 61 Pac. 277; *Matter of Tracey,* 136 Cal. 385, 69 Pac. 20; *Greene* v. *Montana Brewing Co.,* 32 Mont. 102, 79 Pac. 693; *Canning* v. *Fried,* 48 Mont. 560, 139 Pac. 448.) Where there has been a reasonable excuse for the default offered with reasonable diligence, such a trial should be had. (*Farmers' Co-op. Assn.* v. *Roper,* 57 Mont. 48, 188 Pac. 141; *Collier* v. *Fitzpatrick,* 22 Mont. 553, 57 Pac. 181; *Greene* v. *Montana Brewing Co.,* 32 Mont. 102, 79 Pac. 693; *Westphal* v. *Clark,* 46 Iowa, 263; *Eder* v. *Bareolos,* 63 Mont. 363, 207 Pac. 471.)

It has been held in *Byrne* v. *Alas,* 68 Cal. 479, 9 Pac. 850, that the judgment should be set aside where it appears by affidavit that defendants are ignorant and helpless. How much more, then, should it be set aside where defendant, through mental infirmity, lets judgment be taken against her. In the one case it might be said that one could take refuge behind simulated ignorance; but there can be no such imputation here, where the infirmity is of record.

*Messrs. Canning & Geagan,* for Respondent.

The appellant concedes in her brief, as she did in the court below, without directly stating it, as of course she must, that

a mistake of law cannot assist her in any manner, since such is the law. (23 Cyc. 930; *Mantle* v. *Casey*, 31 Mont. 408, 78 Pac. 591; *Willoburn Ranch Co.* v. *Yegen*, 45 Mont. 254, 122 Pac. 915.) A mistake as to the law is not the mistake contemplated by the statute; and ignorance of the law is not an excuse for a default. (*Mantle* v. *Casey*, *supra*; *Donlan* v. *Thompson Falls C. & M. Co.*, 42 Mont. 257, 112 Pac. 445; *Canning* v. *Fried*, 48 Mont. 560, 139 Pac. 448.)

In the court below, on her motion to set aside the default and vacate judgment, the burden was upon appellant. (23 Cyc. 930, 958, 960–962; *Kersten* v. *Coleman*, 50 Mont. 82, 144 Pac. 1092.)

It has never been held in Montana that a proposed answer constitutes an affidavit of merits. But it has been held that the one resisting such motion as here presented cannot deny the allegations of such answer by affidavits. Consequently, it appears that the logic of the situation must be this: that such answer is not an affidavit of merits and cannot be so considered; that its purpose is to show that the movant intends to or proposes to defend the action if permitted and to set up matter that would be considered by the court proper defense to the action if true. (*Bowen* v. *Webb*, 34 Mont. 61, 85 Pac. 739; *Butte Butchering Co.* v. *Clarke*, 19 Mont. 306, 48 Pac. 303.)

Adverting to the tendered answer of the defendant for a moment, we notice lack of good faith on the part of appellant. In that answer she sets up that the plaintiff had no right to maintain action at the time of its commencement on account of having assigned the policy of insurance to a third person. She fails to name or designate any person. This could not help but impress a court. And furthermore, a default would not be opened to permit a defendant to interpose such a defense as this. (*Abram French Co.* v. *Marx*, 8 Misc. Rep. 490, 28 N. Y. Supp. 749; *Watt* v. *Bruce*, 31 Tex. Civ. 347, 72 S. W. 258.) It is not enough that an answer be tendered showing a meritorious defense to an action. (23 Cyc. 930;

*Thomas* v. *Chambers,* 14 Mont. 423, 36 Pac. 814; *Riley* v. *Ruddock,* 41 Cal. 312.)

MR. JUSTICE RANKIN delivered the opinion of the court.

This is an appeal from an order of the district court denying a motion to set aside a default and judgment.

The action was brought to obtain possession of a life insurance policy. Summons was served on the defendant May 16, 1923. On May 31 the deposition of defendant was taken at the instance of the plaintiff. On June 9, for want of an appearance, the default of the defendant was entered and pursuant thereto, on June 17, judgment was entered in favor of the plaintiff for the relief sought. On September 4, the defendant filed a motion to set aside the default and judgment, and in support of it she filed affidavits and tendered an answer. The plaintiff filed counter-affidavits appending thereto defendant's deposition to be considered in opposition to her motion. After hearing, an order was made denying the motion, and from this order defendant appealed.

Counsel for plaintiff contend that the law requires the filing [1] of an affidavit of merits and that, therefore, the proffered answer, even though it discloses a *prima facie* defense on the merits, is insufficient. This court, however, has decided that it is only necessary that facts be sufficiently set forth to disclose a defense to the action, and they may appear in the form of an affidavit or answer. (*Smith* v. *McCormick,* 52 Mont. 326, 157 Pac. 1010; *Farmers' Co-operative Assn.* v. *Roper* (on motion for rehearing), 57 Mont. 48, 188 Pac. 141.)

The principal question presented for our determination is [2] whether the facts appearing in the affidavits disclose such excusable neglect as to entitle the defendant to have the default set aside. From the affidavits it appears that one reason for the default is the fact that she labored under the misapprehension that her appearance before a notary public, when her deposition was taken, was the only appearance required of her prior to a trial of the action on the merits. Another excuse

offered is the mistaken notion which she entertained, based upon representations made to her by a friend of plaintiff, that the insurance policy was comparatively valueless.

Standing alone, these facts would not warrant the setting aside of the default. The affidavits, however, disclose that on the eleventh day of October, 1921, the defendant was committed to the state hospital at Warm Springs, by reason of insanity; that on the fourth day of May, 1922, Dr. I. A. Leighton was appointed guardian of defendant; that the guardianship was terminated and she was restored to capacity on September 23, 1922; and "that in spite of the decree of restoration the defendant still suffered from her mental disability to an extent that she did not understand legal proceedings, and was helpless to assert her right until Dr. Leighton, physician and former guardian, brought the case to the attention of Howard Johnson, attorney at law," now attorney for defendant.

The affidavit of Dr. Leighton discloses that he had observed the defendant for years and had conversed with her repeatedly during the year the default was taken, and that he "is convinced that defendant did not understand the import of the legal papers served upon her in this case. * * * Nor did she understand that she was in default in said case, but, on the contrary, defendant believed that by appearing before a notary public to give her deposition she preserved her legal right to appear in the matter and would be informed of the time set for trial; that her failure to appear was occasioned by her mistake and inadvertence by the mental disability hereinabove referred to, which said mental disability persists to a great extent in spite of defendant's restoration to capacity as hereinabove mentioned."

The only counter-affidavit filed relating to the mental condition of the defendant was the affidavit of P. E. Geagan, attorney for plaintiff, wherein he sets forth that "he is acquainted with and has known the defendant, Catherine Brothers, for twenty years last past, and knows that she is

no stranger to the law or litigation, and knows that during the pendency of this whole litigation she was mentally alert, evasive and that she fully understands, and did fully understand, at all times since the beginning of this case the nature thereof and her right and liabilities therein.''

Under any view that may be taken of the affidavits we are obliged to say that doubt exists concerning the mental capacity of the defendant. We are confronted with the positive, unequivocal declaration of Dr. Leighton, the former guardian of the defendant, that at the time the summons was served upon her and until after the default was obtained, she was suffering from the mental disability for which she was committed to Warm Springs. No attempt was made to refute this evidence by medical testimony.

It becomes necessary, then, to determine whether the mental condition of the defendant, together with all the surrounding circumstances, constitutes the excusable neglect contemplated by section 9187 of the Revised Codes of 1921, which provides, among other things: ''The court may likewise, in its discretion, after notice * * * relieve a party * * * from a judgment, order, or other proceeding, taken against him through his * * * excusable neglect.''

This section was enacted for the very purpose of giving to [3, 4] the courts the power to relieve parties from judgments obtained against them by reason of mistake, inadvertence or excusable neglect, and in interpreting it courts should, in furtherance of justice, maintain the same liberal spirit which prompted its enactment. The rule is concisely stated by this court in *Nash* v. *Treat,* 45 Mont. 250, Ann. Cas. 1913E, 751, 122 Pac. 745: ''Each case must be determined upon its own facts; and, when the motion is made promptly and is supported by a showing which leaves the court in doubt, or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion.'' No great abuse of discretion by the trial court in refusing to set aside

a default need be shown to warrant a reversal, for the courts universally favor a trial on the merits.

No two cases will be found which present the same circumstances for consideration, for each depends upon its own facts. (*Morse* v. *Callantine,* 19 Mont. 87, 93, 47 Pac. 635; *Collier* v. *Fitzpatrick,* 22 Mont. 553, 57 Pac. 181; *Farmers' Co-operative Assn.* v. *Roper,* 57 Mont. 42, 188 Pac. 141; *Pengelly* v. *Peeler,* 39 Mont. 26, 101 Pac. 147; *Nash* v. *Treat, supra; In re Davis' Estate,* 15 Mont. 347, 39 Pac. 292; *Simpkins* v. *Simpkins,* 14 Mont. 386, 43 Am. St. Rep. 641, 36 Pac. 759), and therefore applications of this character are addressed to the legal discretion of the court and should be disposed of as substantial justice may seem to require. (*Watson* v. *San Francisco & H. B. R. R. Co.,* 41 Cal. 17.)

It is the duty of the court to guard carefully the rights of [5] those whose mental condition is such that they cannot act fully and understandingly upon their own judgment in the ordinary affairs of life because, in a sense, they are *non sui juris,* and, whenever substantial doubt exists as to the mental competency of the party against whom a default is taken, it is always better to resolve the doubt in favor of the application to set aside the default and dispose of cases of this character upon their merits, rather than to maintain too strict a regard for technical rules of procedure.

It is urged that due diligence was not exercised in making [6] application to have the default set aside. The affidavits filed in behalf of the defendant recite that she did not learn of the default for some days after the entry of judgment; that several days were consumed in search of the policy; that upon finding it defendant wrote to the insurance company to ascertain its validity and first learned that it was still in force when she received its reply on August 29. Defendant's attorney then prepared the application to set aside the default and filed it on September 4. Considering the defendant's mental condition, together with all the surrounding circumstances, we can-

not say that due diligence was not used within the meaning of section 9187.

Neglect, no more excusable than that disclosed by the record before us, has been held sufficient to justify reversal of trial courts for their refusal to set aside defaults. We are of the opinion that excusable neglect is shown, that a meritorious defense is tendered, and that under all of the circumstances, the trial court should have opened the default and permitted the defendant to answer.

The order is reversed and the cause remanded to the district court, with directions to set aside the default and judgment and permit the defendant to answer.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.