MADSON, Respondent, *v.* PETRIE TRACTOR & EQUIP-
MENT CO., Appellant.

(No. 7,766.)

(Submitted March 15, 1938.   Decided March 23, 1938.)

[77 Pac. (2d) 1038.]

*Mr. M. J. Lamb,* for Appellant, submitted a brief, and argued the cause orally.

384

*Messrs. Tansil & Bowen,* for Respondent, submitted a brief; *Mr. Paul B. Bowen* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an appeal from an order denying a motion to set aside a default judgment.

The plaintiff, a sales agent of the defendant, brought an action to collect commissions alleged to be due for sales made. The facts are substantially as follows: Summons was issued and served on D. R. Petrie, president of defendant corporation, on July 21, 1937. Return was made of the summons by mailing the same on the 23d day of July to counsel for the plaintiff, and it remained in his office until August 11th, at which time it was filed with the clerk of the court by counsel for plaintiff, the default of the defendant entered, and at the same time judgment given and made granting the plaintiff the full amount of the relief sought.

A number of affidavits given in support of the motion to set the default aside establish these facts: At the time service was made upon the president of defendant corporation, July the 21st, he talked the matter over with his wife, who was also an officer of the company, but knowing that his attorney was out of town, placed the papers on his desk and left for Sidney, Montana, "within an hour." He returned to his office in Billings on Saturday the 24th of July, and left again to attend to business in other parts of the state and returned from that trip Saturday, July 31st. He talked to his wife about the papers that were served on him on the 21st, but gave the matter no further consideration until he was called on the phone by M. J. Lamb, his attorney, on August 3d, and was requested to advise his attorney as to what papers had been served upon him, and particularly inquiry was made about the summons and complaint. According to his affidavit he advised his attorney he did not fully understand just what papers had been served, but all of them had been delivered by his wife to Mr. Gullickson, an associate of Mr. Lamb, and further advised Mr. Lamb that if there was no summons and complaint among the papers delivered, such papers could not have been served upon defendant. At that time he further conferred with his wife and made another search for the papers, but could not find anything of the kind and so reported to his attorney, who advised him he would investigate the matter and do whatever was necessary in the case. Petrie states that he gave the matter no further con-

sideration until August 6, at which time his attorney telephoned to him and the secretary of the corporation advising them that they should appear at the court house for a hearing on the application of plaintiff for the appointment of a receiver.

The motion for the appointment of a receiver was denied, but at the hearing of that matter Mr. Lamb, as one of the reasons why the receivership should not be granted, made the following statement: "There is no showing that there has been any service of any papers or process of any kind or description in this case on the defendant." This statement was made in the presence of the attorney for the plaintiff and of other parties.

Some three other agents of the defendant made affidavits on behalf of the plaintiff that they were in court at the time of the receivership hearing and did not hear Mr. Lamb make any such statement, but counsel for plaintiff admitted in his affidavit made in opposition to defendant's motion to set aside the judgment that the attorney for the defendant did make a statement "to the effect that the defendant had not been served with a copy of the summons or complaint." But counsel for plaintiff deposes that he believed counsel for defendant referred to summons and complaint in the claim of M. B. Callahan, another party who was plaintiff in an action pending against defendant and whom counsel for plaintiff represented, but the record does not show that any action was had in the *Callahan Case* on August 6.

These facts are affirmed by the president, vice president, and secretary of the defendant corporation, and by both M. J. Lamb and H. M. Gullickson, associate attorneys, and the fact that M. J. Lamb made the statement quoted above in open court when the attorney for plaintiff was present, five days before the time had expired in which the defendant might have answered in the action, is practically admitted by counsel for the plaintiff, and which renders the other affidavits filed in opposition to the motion to vacate the judgment as practically without evidentiary value.

Mr. Paul B. Bowen, attorney for plaintiff, testified that it was the practice in his office to have a stenographer look after the

defaults in actions in which he was an attorney. The deputy sheriff who served the summons and complaint on the defendant testified that the summons on which return was made was mailed to Bowen, counsel for the plaintiff, on July 23. It was filed, as heretofore stated, on August 11, the first day that defendant was in default. Obviously it lay in the office of counsel for the plaintiff for approximately eighteen days.

Section 9124, Revised Codes, provides in part that it is the duty of the sheriff or other person serving a summons ''to make due and legal return of such service, and file the same with the clerk of the court in which such action or proceeding is pending, not more than ten days after the making of such service, where the same was made in the county in which such action or proceeding is pending.''

The return here was irregular and contrary to the statutes in two particulars: First, it was not returned and filed with the clerk of the court by the officer or person serving it; and, second, it was not filed within the ten days after service as required by the statute.

Counsel for the defendant, on being unable to find any summons among the papers delivered to him by the corporation, made diligent inquiry of the various officers of the corporation and diligent search through all the papers delivered to him. Later the papers were found in the office of the president of the corporation, where they had been mislaid after service, and were promptly delivered to the defendant's counsel.

M. J. Lamb, in his investigation to determine whether summons had been served upon his client, called at the office of the clerk of the court on August 3, 1937, and upon careful examination of the register of actions in the office of the clerk of the court and in the files of the cause, no summons was shown to have been returned by the sheriff of Yellowstone county, or any other person, and the attorney was unable to find any evidence of any kind showing service of summons and complaint. Again, on the morning of August 6, 1937, prior to the hearing of plaintiff's motion for appointment of a receiver, counsel for defendant examined the records and files to ascertain whether

summons and complaint had been served on defendant, and at the commencement of the hearing for the appointment of a receiver, counsel for defendant objected to the court's consideration of the motion upon a number of grounds, one of which was that no summons or complaint in the cause had been served upon the defendant. And the same objection was repeated by counsel in substance in his motion to dismiss the plaintiff's motion for a receiver.

Counsel for defendant, in his affidavit in support of his motion to set aside the default, alleges that counsel for plaintiff, being then and there present, did not in any manner deny or question the truthfulness of affiant's statements made in open court on August 6th that there had been no service of summons or complaint.

The single assignment of error is on the court's denying the defendant's motion to vacate the judgment.

A motion, such as is involved here, is addressed to the sound discretion of the court with which the supreme court will not interfere except upon a showing of manifest abuse of such discretion. (*Mihelich* v. *Butte Elec. Ry. Co.*, 85 Mont. 604, 622, 281 Pac. 540.) But judgments by default are not favored, and the trial court in passing upon a motion to set aside a default judgment should exercise the same liberal spirit which prompted the legislature in enacting section 9187, Revised Codes. (*Reynolds* v. *Gladys Belle Oil Co.*, 75 Mont. 332, 340, 243 Pac. 576.)

Since courts universally favor trial on the merits, slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal of the order. (*Brothers* v. *Brothers*, 71 Mont. 378, 230 Pac. 60.)

On motion to set aside a default judgment, the applicant must make a statement of facts from which the court can determine whether or not the mistake, inadvertence, surprise, or excusable neglect urged in support of it is within the contemplation of section 9187, in order to move the discretion of the court. (*Robinson* v. *Petersen*, 63 Mont. 247, 206 Pac. 1092.) An application for the relief granted by section 9187 must be made with diligence. (*Federal Land Bank of Spokane* v.

*Gallatin County*, 84 Mont. 98, 111, 274 Pac. 288.) The power granted to the court under the section mentioned to set aside the default judgment is predicated upon the neglect of the movent, coupled with a showing of facts and circumstances which will reasonably excuse it. (*Reynolds* v. *Gladys Belle Oil Co.*, supra.)

All the requirements provided by section 9187 were complied with by the defendant in order to avail itself of remedies therein provided. In view of all the facts and circumstances, and particularly in view of the fact that counsel for defendant, upon being unable to find the summons and copy of the complaint in the papers in the case delivered to him by the defendant, then having the officials of the defendant make further search for such documents, and thereafter inspecting the docket of the action in the office of the clerk of the court, the place where he had a right to find whether any return had been made within the ten days provided by statute showing defendant had been served, is sufficient to warrant a reversal of the default judgment. In addition to such facts and circumstances, counsel for plaintiff, when appearing in support of the motion for the appointment of a receiver, remained silent when counsel for defendant in arguing against such motion advised the court that there was no record of service of summons or delivery of a copy of the complaint to the defendant or in the records or files in the action, we think it was his duty to correct counsel for defendant in that respect, in view of the fact that return on the summons had not been correctly or properly made as heretofore mentioned.

The cause is remanded to the district court, with instructions to vacate and set aside the judgment and permit defendant to answer.

Mr. Chief Justice Sands and Associate Justices Stewart, Anderson and Angstman concur.