PATTERSON, RESPONDENT, *v.* PATTERSON, APPELLANT.

No. 8649

Submitted January 16, 1947. Decided April 22, 1947.

179 Pac. (2d) 536

Mr. John K. Claxton, of Butte, and Messrs. Murch & Wuerthner, of Great Falls, for appellant.

Mr. J. N. Thelen, of Great Falls, for respondent.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the court.

Appeal from a judgment by default.

On March 11, 1943, the plaintiff Sadie L. Patterson commenced this action in the district court of Cascade county to recover the sum of $1,682.34, with interest, alleged to be due from her husband, the defendant Joseph L. Patterson, upon a

written contract of separation, a copy of which is attached to and made a part of the complaint. The defendant was on that day served with summons and a copy of the complaint.

On April 1, 1943, there was filed in the action, demurrer to plaintiff's complaint, motion for a change of venue from Cascade county to Silver Bow county, demand for change of place of trial to Silver Bow county and affidavit of merits, all on behalf of defendant and, on the same date, plaintiff's attorney filed a praecipe directing the clerk of court to enter defendant's default for failure to answer or appear in said action pursuant to which the clerk that day entered the default of the defendant.

On May 1, 1943, the defendant filed a motion to set aside the default and the subsequent judgment, if any, entered. This motion is supported by affidavit setting forth at length the facts upon which defendant relies to obtain relief from the default so entered.

The judges of the district court of the Eighth Judicial District deemed themselves disqualified and on August 5, 1944, the Honorable C. F. Holt, in whose department the action was pending, made an order calling in the Honorable C. B. Elwell, judge of the Twelfth Judicial District, who assumed jurisdiction, heard defendant's motion and, on October 13, 1944, made an order denying same.

On December 6, 1944, defendant filed a motion to reconsider his motion to set aside the default supported by the affidavit of C. W. Murch, Esq., in answer to which was filed the counter-affidavit of plaintiff's attorney, J. N. Thelen, Esq.

On December 26, 1944, the defendant's motion to set aside the default was re-submitted to and denied by Judge Elwell. On March 23, 1945, defendant filed a motion to dismiss the action for failure of plaintiff to demand and have judgment entered within six months after the entry of defendant's default. The motion was submitted and on July 2, 1945, denied.

On July 13, 1945, judgment by default was given and entered against defendant for $2,510.52 plus interest and costs. From such judgment the defendant has appealed.

Defendant assigns as error the denial of his motions to set aside the default.

It is the policy of the law to have every case tried on its ▮ merits. Reynolds v. Gladys Belle Oil Co., 75 Mont. 332, 341, 243 Pac. 576; Kosonen v. Waara, 87 Mont. 24, 285 Pac. 668.

Judgments by default are not favored. Madson v. Petrie Tractor & Equipment Co., 106 Mont. 382, 77 Pac. (2d) 1038.

Section 9187, Revised Codes of Montana 1935, empowers the court, in its discretion, upon timely application made, and upon such terms as may be just, to allow an answer to be made after the time limited by the Code and to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.

"In furtherance of justice, trial courts should, in applying the above statute to a given case, maintain and exercise that liberal spirit which prompted the Legislature to grant them this discretionary power, and, while this court will disturb the action of a trial court in opening default only in exceptional cases, 'no great abuse of discretion by the trial court in refusing to set aside a default need be shown to warrant a reversal.' Brothers v. Brothers, supra [71 Mont. 378, 230 Pac. 60] ; Eder v. Bereolos, supra [63 Mont. 363, 207 Pac. 471] ; Nash v. Treat, 45 Mont. 250, 122 Pac. 745, Ann. Cas. 1913E, 751. It is therefore apparent that an abuse of discretion may be made 'manifest' in a case where the court has refused to open a default, by a showing which would not be so considered in a case wherein the court has granted such a motion." Reynolds v. Gladys Belle Oil Co., supra [75 Mont. 332, 243 Pac. 579].

Slight abuse of discretion in refusing to set aside a default ▮ judgment is sufficient to justify a reversal of the order. Madson v. Petrie Tractor & Equipment Co., supra; Brothers v. Brothers, 71 Mont. 378, 230 Pac. 60.

The affidavit of the defendant Joseph L. Patterson filed in support of his motion to set aside the default, shows that he is a resident of Butte, Silver Bow county, Montana; that summons and copy of the complaint were served upon him in March, 1943,

at Great Falls, Montana, while he was there in attendance at a funeral of a relative; that thereafter he remained in Great Falls for a period of three days, when he returned to his home in Butte, at which time he delivered the papers so served upon him to his attorney John K. Claxton, Esq.; of Butte, and in good faith advised his attorney that said papers were served on him on Friday, March 12, 1943, which the defendant then believed to be the fact.

The affidavit of defendant's attorney, John K. Claxton, Esq., shows that at the time defendant delivered to said attorney the papers so served upon him in Great Falls, he stated to the attorney that the service of summons in said action was made upon him on March 12, 1943, and that at that time the attorney made the notation on the back of the complaint, "Served on Mr. Patterson March 12, 1943," and made other records in his file on said action accordingly. The affidavit also shows that the attorney prepared for filing in the action in defendant's defense, a demurrer to the complaint, a motion for change of venue, a demand for change of place of trial and an affidavit of merits, and that at Butte, Montana, on March 31, 1943, at about ten o'clock a. m., he forwarded said appearance papers by registered mail, special delivery, to the clerk of court at Great Falls, Montana, sending copies thereof by registered mail to plaintiff's attorney who has his offices in Great Falls; that the defendant related to the attorney purported facts in the case and was advised by said attorney that he has a good defense to said action; that said attorney had prepared an answer which is attached to the defendant's motion to set aside the default and tendered in good faith for filing.

The showing made by defendant is sufficient to entitle him to the relief sought and the district court erred in not setting aside the default.

Defendant assigns error upon the denial of his motion to dismiss the action. In that connection it will be observed that the contract sued upon is claimed to be a continuing contract with additional sums due each month. The complaint alleges:

That the separation agreement provides that "the said plaintiff be paid the sum of $90 per month during the balance of her life"; that the amount there would be due and owing to plaintiff thereunder up to and including February 27, 1943, is the sum of $7,380, of which plaintiff has paid $5,697.66, leaving a balance owing and unpaid of $1,682.34. Of course a dismissal of the action would not terminate defendant's continuing obligations under the alleged contract and we find no error in the denial of the motion to dismiss, the grounds for the ruling being stated in the trial court's order which recites: "And it appearing to the Court that during practically all of the time from the entry of the default there has been pending in the said action, and filed by the defendants, either a motion to vacate and set aside the default or the present motion of dismissal, and it appearing from the records that, at the time of the filing of the motion to dismiss, the six months' period named in the statute had not existed at a time when the said case was free from a motion made by the defendant to vacate and set aside the default;" followed by the order denying the motion.

The judgment is reversed and the cause remanded with directions to set aside and vacate the default and to allow the filing of defendant's appearances including motion and demand for change of place of trial.

Associate Justices Choate, Angstman, Cheadle and Metcalf concur.