NELSON, APPELLANT, v. LENNON, ET AL., RESPONDENTS.

No. 8823

Submitted May 9, 1949. Decided May 31, 1949.

206 Pac. (2d) 556

Mr. R. K. West, of Great Falls, and Mr. H. J. Luxan, Jr., of Helena, for appellant. Mr. Luxan argued orally.

Messrs. Greenan & Manion, Great Falls, for respondents. Mr. Howard T. Manion argued orally.

MR. JUSTICE METCÀLF:

The complaint in this action was filed on December 19, 1947, and summons was issued. The defendants are father and son. The complaint alleges that the son, John Lennon, negligently injured the plaintiff in an automobile accident. The sheriff's return shows that he personally served John Lennon and the father, John F. Lennon.

On January 8, 1948, counsel for the plaintiff learned that John Lennon was in fact a minor. A praecipe was filed with the clerk of court of Cascade county requesting that an alias summons be issued for the reason that "the original summons issued in said action on December 19, 1947, was returned by the Sheriff December 19, 1947, without being served upon one of the above named defendants, to-wit: upon John Lennon."

Except that it was entitled "Alias Summons" the summons and complaint served on January 8, 1948, was identical with that served December 19, 1947.

The sheriff's return of service on the alias summons was as follows: "I hereby certify that I received the within Alias Summons on the 8th day of January, 1948; that I personally served the same on the 9th day of January, 1948, upon John Lennon, one of the defendants named therein by delivering a copy of said Alias Summons to him personally in said County of Cas-

cade·and also delivering a copy of said Alias Summons to his father, John F. Lennon.''

On January 16, 1948, the plaintiff caused the default of the father, John F. Lennon, to be entered and on January 22, 1948, on application of the plaintiff, judgment was entered against the father, John F. Lennon.

On January 26, 1948, counsel for the defendants filed a motion to set aside the default, an answer and an affidavit reciting the foregoing facts and stating further that after the service of the alias summons the defendants believed they had until January 28, 1948, to appear.

Counsel for plaintiff filed a counter-affidavit in which he set forth a conversation with defendant's counsel prior to entering the default. Counsel alleged that he had informed the defendants' counsel that the sole purpose of the second service was to comply with the requirements for serving a minor and that the service of the alias summons on John F. Lennon had been for the sole purpose of acquiring jurisdiction over the minor John Lennon.

After hearing on defendants' motion to set aside the default judgment the trial court set aside the judgment. From this order the plaintiff has appealed.

The only question is whether the court abused its discretion in entering the above order.

This court has repeatedly declared that default judgments are not favored and that it is the policy of the law to have every case tried on its merits. Patterson v. Patterson, Mont. 1947, 179 Pac. (2d) 536. While slight abuse of discretion in ·refusing to set aside a default judgment is sufficient to justify a reversal of the order, Patterson v. Patterson, supra; Madson v. Petrie Tractor & Equipment Co., 106 Mont. 382, 77 Pac. (2d) 1038, only in exceptional cases will this court disturb the action of a trial court in re-opening a default. Davis v. Hubbard, Mont. 1947, 179 Pac. (2d) 533; Brothers v. Brothers, 71 Mont. 378, 230 Pac. 60.

The New York court was confronted by a similar situation in

Gambold v. MacLean, 119 Misc. R. 432, 197 N. Y. S. 43, 44, and there the court said: "It seems to the court that he [defendant] was justified in being sufficiently confused by the plaintiff's practice to warrant being excused for any default, if there were any." The same could be said in the instant case.

Defendants' delay in appearing was initially caused by the confusing and misleading practice of plaintiff, and while defendants' counsel was not blameless we cannot say the court abused its discretion in declining to penalize the client therefor. The trial court did not err in setting aside the default. The order is affirmed.

Mr. Chief Justice Adair and Associate Justices Freebourn, Angstman and Bottomly concur.