PETROL, Appellant, *v.* PETROL, Respondent.

No. 9246.

Submitted May 27, 1953. Decided July 16, 1953.

259 Pac. (2d) 338.

Messrs. Swanberg & Swanberg, Great Falls, for appellant.

Mr. J. R. Richards, Helena, for respondent.

Mr. Stephen M. Swanberg and Mr. Richards argued orally.

MR. JUSTICE FREEBOURN:

Plaintiff appeals from the order of the Honorable George W. Padbury, Jr., district judge of Lewis and Clark County, which set aside defendant's default and a decree of divorce made in plaintiff's favor and permitted defendant to file an answer to plaintiff's complaint in a divorce action.

The record discloses that plaintiff and defendant have been husband and wife since December 24, 1942, when they were married at Wickenberg, Arizona. Two boys, age 7 and 10 years,

are the issue of the marriage. Plaintiff has been a member of the United States armed forces since February 1944, and was stationed in California from November 1944 to January 1947, in which place the family made its home, and where defendant and the children now reside.

According to plaintiff's complaint he was stationed in Alaska in 1947, coming to the Great Falls U. S. air force base in May 1949. Thereafter he was stationed for a time at Dayton, Ohio and again "came to Great Falls before the middle of July, 1950."

On July 26, 1951, he filed an action for divorce in Great Falls, serving defendant with summons and complaint by publication and mailing. Defendant made no appearance in the action and her default was entered on October 13, 1951, which was followed by a decree of divorce, filed October 15, 1951, wherein plaintiff was granted a decree of divorce; defendant was given custody of the children, and plaintiff was ordered to pay defendant $75 monthly for the support and maintenance of the children. Motion by defendant to set aside her default and the decree of divorce granted plaintiff was filed December 1, 1951.

The record further shows that when plaintiff instituted his action for divorce in Montana, an action for divorce, instituted by Nona F. Petrol, as plaintiff, against Stanley J. Petrol, as defendant, was then pending in California, such action having been filed November 9, 1950, wherein Stanley Petrol had filed a cross complaint on February 3, 1951.

It appears from the record that the California action was set for trial on October 2, 1951, but that Stanley's attorneys "moved for a continuance based upon the attorney's affidavit that Stanley J. Petrol had stated to him that the said Stanley J. Petrol would be unable to be present for the trial since he was an officer of the Air Force station at Great Falls Air Base, but that he would be on a special mission for 30 to 45 days; that over the objections of the said attorney for Nona F. Petrol the court granted a continuance to October 16, 1951." The California case went to trial on October 16, 1951, which was three days after Nona's default had been entered and one day after the decree

had been filed in the Montana case, of which Nona and her attorneys had no notice. The California court awarded Nona an interlocutory decree of divorce, custody of the children, and directed Stanley to pay $250 per month for alimony, support and maintenance. This amount per month had been paid by Stanley since November 14, 1950, under California court order.

When Nona received copies of the summons and complaint in the Montana case, she took them to her California attorneys who then wrote Stanley's Montana lawyers, under date of September 15, 1951, asking: "* * * that you hold up any proceedings there until there can be a determination by Mrs. Petrol as to her ability to appear in the State of Montana in defense of your action. I do not desire to make a general appearance in behalf of my client at the present time for these reasons. I should appreciate hearing from you with reference to what I have set forth herein."

Under date of September 21, 1951, Stanley's Montana attorneys replied as follows: "We attempted to contact our client to discuss the matter you referred to in your letter but were unable to locate him at the base. We were advised that he is not there at present but we left word for him to call and as soon as we have an opportunity to talk with him we will write you."

The record discloses no other correspondence between such California and Montana lawyers until December 17, 1951, after the Montana default and decree were entered.

Defendant's motion, filed December 1, 1951, to relieve her from the default and divorce decree, was made upon the grounds set out in R. C. M. 1947, sec. 93-3905, namely: "* * * from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; * * * When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant * * * at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."·

As said in Brothers v. Brothers. 71 Mont. 378, 230 Pac. 60, 61:

■ "This section was enacted for the very purpose of giving to the courts the power to relieve parties from judgments obtained against them by reason of mistake, inadvertence or excusable neglect, and in interpreting it courts should in furtherance of justice, maintain the same liberal spirit which prompted its enactment. The rule is concisely stated by this court in Nash v. Treat, 45 Mont. 250, 122 Pac. 745, Ann. Cas. 1913E, 751: 'Each case must be determined upon its own facts; and, when the motion is made promptly and is supported by a showing which leaves the court in doubt, or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion.' No great abuse of discretion by the trial court in refusing to set aside a default need be shown to warrant a reversal, for the courts universally favor a trial on the merits.

"No two cases will be found which present the same circumstances * * *, for each depends upon its own facts, [citing authorities] and therefore applications of this character are addressed to the legal discretion of the court and should be disposed of as substantial justice may seem to require. Watson v. San Francisco & H. B. R. Co., 41 Cal. 17."

Under the facts as shown by the record the district court properly "ordered and adjudged that the default and decree heretofore entered in this action, against the said defendant, Nona F. Petrol, and in favor of the plaintiff, Stanley J. Petrol, for an unconditional divorce be, and the same are hereby opened and set aside, and that the answer already on file may stand as the answer to the case."

For the reasons stated the judgment of the district court is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES BOTTOMLY, ANGSTMAN and ANDERSON, concur.