KENNETH HOLEN, Plaintiff and Respondent, v. EDMUND J. PHELPS, Jr., et ux., and J. J. MANGAN, et al., Defendants and Appellants.

No. 9337.
Submitted February 26, 1957. Decided March 26, 1957.
308 Pac. (2d) 624.

Mr. John Marriott Kline, Glasgow, for appellants.

Bayuk & Lowney, Poplar, Messrs. Jardine, Chase & Stephenson, Great Falls, for respondent.

Mr. Kline and Mr. Alex Blewett, Jr., argued orally.

MR. JUSTICE CASTLES:

This is an appeal from an order denying a petition for relief from a default judgment under the provisions of R.C.M. 1947, section 93-3905.

The plaintiff, respondent herein, filed a complaint on July 16, 1951, against the defendants, appellants, and others to quiet title to a quarter section of land in Roosevelt County. Respondent's attorney, after serving various parties within the State of Montana, made an affidavit for publication of summons, alleging that the last known address of the appellants was Malta, in Phillips County, Montana, and further alleging that from inquiry made, from the sheriff's return of summons, and from the records and files involved, the appellants are not within the

jurisdiction of the State of Montana, and that they cannot be served in said state. Summons was then published upon an order of publication by the clerk of the court. The clerk made an affidavit showing that he mailed copies of the alias summons and complaint addressed to appellant Phelps and his wife at Malta, Montana. No return was made by the sheriff of Phillips County. On September 13, 1951, the default of the appellants, among others, was taken.

Findings of fact, conclusions of law and decree in this matter were signed on the 13th day of September, 1951. The court by its decree quieted title in the lands involved in favor of the respondent and against the appellants and other parties.

On June 7, 1952, the appellants filed a petition for relief from the judgment entered together with an affidavit of merits.

Appellants in their petition and affidavit alleged: That they were served by mailing a copy of the summons and complaint to them at Malta, Montana, when neither of them had ever resided at Malta; that the facts of the claimed service by mail were discovered by their attorney checking the court files; that appellants' address for a great number of years had been Wayzata, Minnesota, which fact could have been easily discovered; that appellant, Edmund J. Phelps had been the owner of the land involved since 1923; that appellants told the facts to their attorney, and that he informed them they had a good defense.

Appellants further alleged in their petition: That the defense to the action was that they had been at all times the owners and holders to the title of the land; that Roosevelt County in 1929 attempted to obtain a tax deed to the land; that though the tax deed was taken, it was null and void due to the fact that Edmund J. Phelps was never served with any notice; that proper affidavits showing notice were not filed in the clerk and recorder's office or in the county treasurer's office in Roosevelt County; and that there was no affidavit showing the land was not occupied and no service was made upon the occupant, if any.

Appellants, in their affidavit of merits, also stated: that they resided for more than ten years in Wayzata, Minnesota; that

they never had resided or been domiciled, or had an office in Montana; that they were never served with any papers in this action by mail or otherwise, and that their first notice of the action was on May 9, 1952, when their attorney, whom they had employed to check on the lands involved, advised them of it; that they never received notice of the application of the county for tax deed, and that they were not advised of said application until May 9, 1952.

The respondent, on the day of the hearing on the appellants' petition, filed an answer to the petition alleging that appellants did not state facts sufficient to support the claim for relief; that appellants were served by mailing a copy of summons and complaint to Malta, Montana, and by publication; that neither appellant resided in Malta, and that their address was for a great number of years outside the State of Montana.

Respondent further alleged that appellants had not been in possession of the land during any of the periods involved, and that respondent and his predecessor in interest had been in possession adversely for more than ten years prior to the commencement of this action. In an affidavit attached to the answer, respondent stated that his predecessor in interest obtained a tax deed to the land in 1929, and that respondent and his immediate predecessor in interest have been in actual possession of the land for more than ten years, and that appellants have not been in possession.

On May 11, 1953, the district judge denied the appellant's petition to set aside the judgment.

The only question involved is whether the trial court was correct in denying appellants' petition.

R.C.M. 1947, section 93-3905, reads in part as follows: "* * * When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

150

In Reynolds v. Gladys Belle Oil Co., 75 Mont. 332, 340, 243 Pac. 576, 578, this court stated: "The determination of the question rests within the sound legal discretion of the trial court (Eder v. Bereolos, 63 Mont. 363, 207 Pac. 471; Robinson v. Petersen, 63 Mont. 247, 206 Pac. 1092; Delaney v. Cook, 59 Mont. 92, 195 Pac. 833), and its action will only be reversed on appeal on a showing of manifest abuse of that discretion (Bowen v. Webb, 34 Mont. 61, 85 Pac. 739; Swilling v. Cottonwood Land Co., 44 Mont. 339, 119 Pac. 1102).

"However, since 'it is the policy of the law to have every litigated case tried on its merits', judgments by default are not favored. Lovejoy v. Stutsman, 46 Okl. 122, 148 Pac. 175; Berri v. Rogero, 168 Cal. 736, 145 Pac. 95; McGinnis v. Beatty, 28 Wyo. 328, 204 Pac. 340; Greene v. Montana Brewing Co., supra [32 Mont. 102, 79 Pac. 693]; Brothers v. Brothers supra [71 Mont. 378, 230 Pac. 60]. In furtherance of justice, trial courts should, in applying the above statute to a given case, maintain and exercise that liberal spirit which prompted the Legislature to grant them this discretionary power, and, while this court will disturb the action of a trial court in opening default only in exceptional cases, 'no great abuse of discretion by the trial court in refusing to set aside a default need be shown to warrant a reversal'. Brothers v. Brothers, supra; Eder v. Bereolos, supra; Nash v. Treat, 45 Mont. 250, 122 Pac. 745, Ann. Cas. 1913E, 751." See also Patterson v. Patterson, 120 Mont. 127, 176 Pac. (2d) 536.

However, the defaulted party must show that he has a defense, otherwise the court cannot determine whether justice will be promoted or retarded by setting aside the default. Vadnais v. East Butte E. C. Mining Co., 42 Mont. 543, 546, 113 Pac. 747.

A party defendant, on application to set aside his default, must, in addition to excusing his delinquency, support the motion by an affidavit of merits setting forth the facts constituting his defense. Donnely v. Clerk, 6 Mont. 135, 9 Pac. 887; Bowen v. Webb, 34 Mont. 61, 65, 85 Pac. 739; Schaeffer v.

Gold Cord Min. Co., 36 Mont. 410, 412, 93 Pac. 344; Pearce v. Butte Electric Ry. Co., 40 Mont. 321, 324, 106 Pac. 563; Donlan v. Thompson Falls C. & M. Co., 42 Mont. 257, 271, 112 Pac. 445; Vadnais v. East Butte E. C. Mining Co., supra; State ex rel. Stephens v. District Court, 43 Mont. 571, 575, 118 Pac. 268, Ann. Cas. 1912C, 343.

Thus, then, in the instant case we should examine the appellants' petition and affidavit of merits to see whether or not a *prima facie* defense is made out. In Smith v. Collis, 42 Mont. 350, 364, 112 Pac. 1070, 1073, Ann. Cas. 1912A, 1158, this court held:

"It is the rule that upon a motion to set aside a default, the facts stated in the affidavit of merits *as the defense intended to be interposed,* cannot be controverted by a counteraffidavit, and this for the reason that on the hearing of the motion the court will not try the right of defendant upon the merits by *ex parte* affidavits, but will confine itself to an investigation of the affidavit of merits to see whether a *prima facie* defense is made out."

Thus we shall only look to the appellants' petition and affidavit of merits and shall not consider matters of adverse possession set up in respondent's answer.

R.C.M. 1947, section 93-2507, before amendment in 1953, provided:

"In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person is deemed to have been under and in subordination to the legal title, unless it appear that the property has been held and possssed adversely to such legal title for ten years before the commencemnt of the action."

Respondent asserts that appellants set up an adverse possession to the legal title by use of the words, "no service was made upon the occupant, *if any.*" Emphasis supplied. This wording does not set up an adverse claim sufficient to take

away the presumption of possession in the holder of the legal title.

When appellant alleged that he was the owner of the record title he set up a *prima facie* defense in view of the provisions of R.C.M. 1947, section 93-2507. The burden is then cast upon the respondent to overcome the presumption. Smith v. Whitney, 105 Mont. 523, 74 Pac. (2d) 450; Bearmouth Placer Co. v. Passerell, 73 Mont. 306, 236 Pac. 673; Warren v. Warren, 127 Mont. 259, 262, 261 Pac. (2d) 364.

Since the petition for relief from judgment was timely under the statutes, and the appellants set up a *prima facie* defense and an excuse for their delinquency, in that they had not received any notice, the petition for relief from judgment should have been granted and the appellants allowed to plead their defense.

The judgment is reversed and the cause remanded with directions to set aside and vacate the default as against the appellants herein, and to allow the filing of appellants' appearance by answer.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY, ANGSTMAN and ADAIR, concur.