GARY E. ANDERSON, Plaintiff and Appellant, v. ROGER
J. MENNIE, Defendant and Respondent.
No. 10741
Submitted March 20, 1964. Decided August 14, 1964.
394 P.2d 853

106

Skelton & Hendricks, Missoula, for appellant.

Goldman & Jordan, Missoula, for respondent.

PER CURIAM.

This is an appeal by plaintiff from an order vacating and setting aside the entry of a default, and a judgment in favor of the plaintiff, entered on September 27, 1963, in the district court of Missoula County. A purported transcript on appeal was filed on January 27, 1964, and on April 17, 1964, a motion to dismiss the appeal was made by the defendant on the ground that the purported transcript of appeal was improper in that it did not contain a bill of exceptions, had omitted a minute entry order of the court, and that it in no manner indicated or suggested that any of the papers therein contained had been used on the hearing. Upon consideration of this motion on April 23, 1964, an order was entered reserving ruling until the time of oral argument of the appeal. On the same date suggestion of diminution of the record on appeal was filed by plaintiff, seeking an order directing the clerk of the district court of Missoula County to certify to this court as a part of the transcript on appeal a bill of exceptions properly settled in accordance with section 93-5505, R.C.M.1947, and such permission was granted.

On July 2, 1964, a document entitled "Supplement to Transcript on Appeal" was filed by the plaintiff. On July 27, 1964, defendant filed a motion to strike this supplement on the ground that it is irregular and improper in that the presiding judge's certificate purporting to settle a bill of exceptions was

not executed within the time prescribed by law. An examination of the supplement discloses that no extensions of time were applied for or granted for the purpose of settling a bill of exceptions and the certificate of the presiding judge is dated June 16, 1964. This record thus discloses that on April 23, 1964, there existed no bill of exceptions properly settled which could be incorporated in the records of this court by way of diminution.

By reason of the filing of the motion to strike the court has re-examined the entire record on this appeal and by reason of what will be hereafter said no oral argument now appears necessary to enable us to dispose of the matter under the applicable law.

Section 93-5505, R.C.M.1947, provides a period of fifteen days after entry of an appealable order for the purpose of preparing and filing with the clerk and serving upon the adverse party a bill of exceptions, and additional time may be secured for such purpose upon application to the court in accordance with the provisions of the statute. Affidavit of counsel for plaintiff is to the effect that the proposed bill of exceptions was served upon counsel for defendant on May 25, 1964; it was again served on June 26, 1964.

This court has consistently held that a bill of exceptions presented after the time prescribed in Section 93-5505, R.C.M.1947, is a nullity and cannot be considered on appeal. See Fraser v. Clark, 137 Mont. 362, 352 P.2d 681, and cases therein cited. Upon this authority the motion to strike the supplement to the transcript on appeal is well-taken and is hereby granted and the same is ordered stricken.

Turning then to the motion to dismiss the appeal. Section 93-8017, R.C.M.1947, provides that on an appeal from an order the appellant must furnish the court with a copy of the notice of appeal of the order appealed from, and of all papers and evidence used on the hearing in the court below, which must be certified by the clerk to be correct and be accom-

panied by a certificate of the judge that such records have been used at the hearing in the district court. The purported transcript on appeal here contains no certificate of the judge that the records included therein were used at the hearing, we have merely the certificate of the clerk that they are full, true and correct copies of the listed original papers on file and of record in his office. None of the papers pertinent to this appeal form a part of the judgment roll. The appellant having failed to furnish the required record, there is nothing upon which we can consider or determine the merits of the appeal.

However, as before stated, we reviewed the entire record on this appeal, and were we to consider all papers on this appeal as properly before the court it would not assist appellant.

One of the papers filed in this court is the brief of plaintiff appellant and it contends error on the part of the district court in:

(1) finding that the default was entered due to mistake, inadvertence, surprise or excusable neglect;

(2) in finding that defendant had a good and meritorious defense; and

(3) in vacating and setting aside the default and judgment by default.

Plaintiff admits defendant acted with diligence and that if the showing made leaves the court in doubt, that doubt should be resolved in favor of the granting of the motion. But he contends that as to the prima facie showing of a meritorious defense that the affidavit of defendant contains conclusions of law and is insufficient in that neither it nor the tendered answer filed therewith allege sufficient facts to move the discretion of the court.

We are committed to the rule that an application to set aside a default or default judgment on motion is addressed to the discretion of the district court, and its action thereon, in the absence of manifest abuse of discretion, will not be disturbed

on appeal. See Rieckhoff v. Woodhull, 106 Mont. 22, 75 P.2d 56, and cases therein cited.

██ Here the court found that the default was entered as the result of a mistaken belief between employees in the office of defendant's counsel that a motion had been served by the other, and that the defendant has a good and meritorious defense to the action. The application of the defendant was based on the affidavit of his counsel, no counter-affidavits were filed by the plaintiff. We are requested to overturn a ruling of the district court based solely upon the contended insufficiency of the application papers of the defendant which were sufficient to move the discretion of the district court.

In such a situation we quote from Nelson v. Lennon, 122 Mont. 506, 508, 206 P.2d 556, as follows:

"This court has repeatedly declared that default judgments are not favored and that it is the policy of the law to have every case tried on its merits. Patterson v. Patterson, 120 Mont. 127, 179 P.2d 536. While a slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal of the order, Patterson v. Patterson, supra; Madson v. Petrie Tractor & Equipment Co., 106 Mont. 382, 77 P.2d 1038, only in exceptional cases will this court disturb the action of a trial court in re-opening a default. Davis v. Hubbard, 120 Mont. 45, 179 P.2d 533; Brothers v. Brothers, 71 Mont. 378, 230 P. 60."

There is nothing in this record to indicate this case is an exceptional one.

This court has been consistent through the years in applying the quoted principles in similar cases.

The motion to dismiss is granted and the appeal is dismissed.