No. 13007

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

HELEN C. McCORMICK, MICHAEL C.
McCORMICK, WILLIAM R. McCORMICK,
MARY KATHERINE CRIST, and CAROLE McCORMICK,

Plaintiffs and Respondents,

-vs-

MAE McCORMICK,

Defendant and Appellant.

Appeal from:  District Court of the Third Judicial District,
Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Daniels and Mizner, Deer Lodge, Montana
M. K. Daniels argued, Deer Lodge, Montana

For Respondents:

Burgess, Joyce, Prothero, Whelan and O'Leary,
Butte, Montana
Thomas F. Joyce argued, Butte, Montana

Submitted:  September 22, 1975

Decided: OCT 10 1975

Filed: OCT 10 1975

_Thomas J. Kearney_
                        Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court, Powell County, granting an order dismissing appellant's appeal.

This appeal arises from a partition action filed in the district court in 1971. Referees were appointed and the report of the referees was adopted and thereafter an order was made dividing the leases operated by the parties pursuant to a supplemental referee's report. An amended referee's report was filed on June 24, 1974 and adopted August 13, 1974 with a judgment accordingly signed and entered September 12, 1974. On November 12, 1974, appellant's attorney filed an affidavit and motion for extension of time pursuant to Rule 5, M.R.App.Civ.P., alleging excusable neglect. On November 12, 1974, Judge Boyd signed an order extending the time to file the appeal until November 12, 1974. The notice of appeal was filed the same day. On December 19, 1974, respondents filed a motion to dismiss the appeal alleging appellant's attorney's affidavit showed no excusable neglect on the part of counsel, but rather a deliberate decision not to appeal. A hearing was held on respondents' motion and the order dismissing the appeal was granted by Judge Boyd on January 9, 1975.

The issues to be decided by this Court are:

(1) Does the district court have jurisdiction to dismiss an appeal once the notice of appeal has been filed?

(2) Was the affidavit of excusable neglect adequate to extend the time during which an appeal may be filed beyond the thirty day period provided for in Rule 5, M.R.App.Civ.P.?

This Court has stated on more than one occasion that the filing of an appeal to this Court stays all proceedings in the district court, thereby removing jurisdiction from that court to proceed further in the matter.

In Hansen v. Hansen, 129 Mont. 261, 264, 284 P.2d 1007,

this Court said:

> "It is familiar law that an appeal to this court
> divests the district court of jurisdiction over
> the order or judgment from the appeal taken. There-
> after the lower court is without jurisdiction to
> proceed upon any matter embraced therein." (Citations
> omitted.)

In a more recent case, Polson v. Thomas, 138 Mont. 533,

535, 357 P.2d 349, this Court stated:

> " * * * upon an appeal being taken, jurisdiction
> thereof passed from the district court to the
> supreme court, subject however to the right of
> the district court to correct clerical errors."

Once the district court granted appellant an order

allowing her to file a notice of appeal, the district court

was without jurisdiction to grant a motion to dismiss said appeal.

Upon the original filing of the notice of appeal, this Court

was given sole jurisdiction to determine the propriety of the

appeal.

We hold that the granting of the order dismissing the

appeal was in error as the district court was without jurisdic-

tion to grant such an order.

Now we must come to the question of whether the granting

of an extension of time to appellant to file the notice of appeal

was adequately supported by the doctrine of excusable neglect

found in Rule 5, M.R.App.Civ.P. It states:

> "The time within which an appeal from a judgment
> or order must be taken shall be 30 days from the
> entry thereof * * *."

The final paragraph of Rule 5 provides an exception to this rule:

> "Upon showing of excusable neglect, the district
> court may extend the time for filing the notice
> of appeal by any party for a period not to exceed
> 30 days from the expiration of the original time
> prescribed by this Rule."

The Advisory Committee Note to Rule 5, states, regard-

ing excusable neglect:

> "The final paragraph permits an extension of the

time for taking an appeal by the district court 'upon a showing of excusable neglect.' In view of the ease with which an appeal may be taken-- the filing of a simple notice with the clerk of court--and the unlikelihood that there will not be actual notice of the entry of the judgment or order, it would be an extraordinary case which would justify an extension. But the district court should have the authority to extend time in extraordinary cases where injustice would otherwise result. * * *"

"Excusable neglect" is not defined in Rule 5 nor in the advisory committee notes, thus the determination of what constitutes "excusable neglect" must be made on a case-by-case basis. The key guide to what was intended to constitute "excusable neglect" is the advisory committee note wording, "extraordinary cases where injustice would otherwise result."

"Excusable neglect" must mean more than that the appellant changed his or her mind after the period allowed for filing an appeal had lapsed. The essential ingredient of "excusable neglect" is "neglect". The rule as stated in Brothers v. Brothers, 71 Mont. 383, 378,/230 P. 60, is:

"The rule is concisely stated by this court in Nash v. Treat, 45 Mont. 250, Ann. Cas. 1913E, 751, 122 P. 745: 'Each case must be determined upon its own facts; and, when the motion is made promptly and is supported by a showing which leaves the court in doubt, or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion.' No great abuse of discretion by the trial court in refusing to set aside a default need be shown to warrant a reversal, for the courts universally favor a trial on the merits.

"No two cases will be found which present the same circumstances for consideration, for each depends upon its own facts. (Morse v. Callantine, 19 Mont. 87, 93, 47 P. 635; Collier v. Fitzpatrick, 22 Mont. 553, 57 P. 181; Farmers' Co-operative Assn. v. Roper, 57 Mont. 42, 188 P. 141; Pengelly v. Peeler, 39 Mont. 26, 101 P. 147; Nash v. Treat, supra; In re Davis' Estate, 15 Mont. 347, 39 P. 292; Simpkins v. Simpkins, 14 Mont. 386, 43 Am.St.Rep. 641, 36 P. 759), and therefore applications of this character are addressed to the legal discretion of the court and should be disposed of as substantial justice may seem to require. (Watson v. San Francisco & H. B. R. R. Co., 41 Cal. 17.)"

No doubt exists in this case, nor is any referred to in the

affidavit for extension of time filed by appellant's attorney in support of the motion for extension of time.

The affidavit states that appellant lives in semi-seclusion and, due to dissatisfaction with her attorney's handling of the case, only communicated with her attorney through her daughter; that appellant was erroneously informed that she had six months to perfect her appeal but did not wish to appeal; and that appellant had now contacted her attorney and wished to appeal. The affidavit indicated a communication problem between appellant and her attorney, but no neglect on the part of her attorney. From the affidavit it appears clear that appellant decided not to appeal and then, after the time for filing a notice of appeal had lapsed, decided she did want to appeal. This change of mind is not one of those extraordinary cases for which an extension of time to file an appeal is allowed under Rule 5.

The district court should not have granted appellant's motion for extension of time to file her appeal.

Due to the length of time which this matter has proceeded in various stages of litigation, we will not remand to the district court for further action. Therefore, we declare the judgment of partition signed and entered in the district court on September 12, 1974 to be final and binding on all the parties to this action.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 5 -