No. 14959

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

————————————————

MARTIN L. NEURINGER,

Plaintiff and Appellant,

vs.

RICHARD WORTMAN, CONSERVATIVE
INVESTOR'S GROUP, GARY J. GRIFF and
and GERLAD J. CAPLAN,

Defendants and Respondents.

————————————————

Appeal from:  District Court of the Eighteenth Judicial District,
              Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        J. David Penwell argued, Bozeman, Montana

    For Respondent:

        McKinley Anderson argued, Bozeman, Montana
        Landoe, Brown, Planalp, Kommers & Lineberger,
         Bozeman, Montana
        James Johnston argued, Bozeman, Montana

————————————————

                                Submitted:  January 16, 1980

                                Decided: FEB 19 1980

Filed: FEB 19 1980


_____
                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from the denial of a motion seeking a 30-day extension to file a notice of appeal pursuant to Rule 5, M.R.App.Civ.P.

Final judgment in the underlying matter was served on counsel for the plaintiff on May 29, 1979. Judgment was entered by the District Court on May 22, 1979. Rule 5, M.R.App.Civ.P. provides that an appeal from a judgment must be taken within 30 days of the entry thereof. This rule also provides that the time for filing the appeal may be extended an additional 30 days by the District Court if there is a showing of excusable neglect.

Here plaintiff filed a motion requesting an additional 30 days to file the notice of appeal more than 30 days after the entry of judgment. Plaintiff alleged excusable neglect and introduced into evidence three affidavits to this effect.

According to the affidavits the following events transpired: On May 17, 1979, the court's findings of fact and conclusions of law were received by plaintiff's counsel. On May 23 plaintiff was informed of this during a phone conversation with his attorney. Plaintiff was in New York or New Jersey at this time. Plaintiff was also informed that he had 30 days after entry of judgment to file an appeal. Plaintiff stated that he would let his attorney know if he wished to make an appeal after he received notice of entry of judgment. The secretary of the plaintiff's attorney mailed a copy of the notice of the entry of judgment to the plaintiff on May 30, 1979. Plaintiff did not receive this notice in the mail and he called his attorney on July 18 to ask about the matter. Upon learning the facts the plaintiff requested that his lawyer seek the 30 day extension provided by Rule 5. It is from the denial by the District Court of this 30 day extension that plaintiff appeals.

The only issue presented upon appeal is whether the District Court erred in not granting plaintiff's motion to extend the time for filing a notice of appeal under Rule 5, M.R.App. Civ.P.

Rule 5 states, in part:

"The time within which an appeal from a judgment or an order must be taken shall be 30 days from the entry thereof . . ."

The last sentence to this rule provides:

"Upon showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the original time prescribed by this Rule."

From a reading of this language it is clear that questions of excusable neglect in this context are addressed to the sound discretion of the District Court. Our review, therefore, is limited to whether the District Court abused that discretion.

There have been a number of Montana cases which have considered the concept of excusable neglect. The standard of review was stated in the case of Brothers v. Brothers (1924), 71 Mont. 378, 383-384, 230 P. 60, 61:

"'Each case must be determined upon its own facts; and, when the motion is made promptly and is supported by a showing which leaves the court in doubt, or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion.' No great abuse of discretion by the trial court in refusing to set aside a default need be shown to warrant a reversal, for the courts universally favor a trial on the merits.

"No two cases will be found which present the same circumstances for consideration, for each depends upon its own facts. . ." (Citations omitted.)

It must be noted that most Montana cases, such as Brothers, which deal with excusable neglect, are concerned with the setting aside of default judgments. See Kootenai Corporation v. Dayton (1979), ____Mont.____, 601 P.2d 47, 36 St.Rep. 1785. The policy behind the setting aside of a/default judgment has consistently been

- 3 -

to allow a defendant to present his defense. A defaulted defendant should have his day in court in order that his case may be decided upon the merits.

The only Montana case which has considered excusable neglect in connection with Rule 5, M.R.App.Civ.P. is McCormick v. McCormick (1975), 168 Mont. 136, 541 P.2d 765. In McCormick the appellant had decided not to appeal and then, after the time for filing a notice of appeal had lapsed, she decided that she did want to appeal. This Court said: "This change of mind is not one of those extraordinary cases for which an extension of time to file an appeal is allowed under Rule 5." 168 Mont. at 141. The test used in McCormick is: If there is any doubt as to excusable neglect, it should be resolved in favor of the party moving to have the 30-day extension. This test was adopted from the above-quoted language from Brothers.

Whether notice to an attorney constitutes notice to a client in the context of excusable neglect under Rule 5 has not been considered by this Court. Federal courts have, however, considered this question under their identical Rule 73(a) of the Federal Rules of Civil Procedure. (Now Rule 4(a), Federal Rules of Appellate Procedure.)

The case of Winchell v. Lortscher (8th Cir. 1967), 377 F.2d 247, presents a fact situation which is virtually identical to the instant case. In Winchell the plaintiff's attorney was served with notice of the entry of judgment but the client did not receive notice until after the 30 days had expired because he was "continuously traveling throughout this country and abroad during the period in question." The District Court found this testimony "lacking in credibility" but it nevertheless held it to be excusable neglect. The Eighth Circuit reversed.

The holding was based upon the conclusion that service upon an attorney is service upon the client. They came to this

conclusion by construing two of the Federal Rules of Civil Procedure (Rules 77(d) and 5(b)), which are identical in pertinent part to the corresponding Montana Rules of Civil Procedure. Rule 77(d) provides in essence that the clerk must serve a notice of entry of judgment upon each party and this "is sufficient notice for all purposes for which notice of the entry of an order is required by these rules . . ." Rule 5(b) provides that whenever service is required by the rules "upon a party represented by an attorney the service shall be made upon the attorney . . ." The Court said:

> "The inescapable conclusion that must be drawn when reading these notes and the rules to which they apply is that when the rules speak of giving notice to a party, they are expressing the accepted legal principle that notice to the attorney is notice to the party. See, Annotation, Extension of Time For Appeal, 9 L.Ed.2d 1088, 1092-1093. It is the duty of the attorney to act for his client in all legal matters. When notice was received by appellant's attorney on August 2, 1966, there was timely notification to a party within the meaning of Rule 73(a) and it was therefore incumbent upon counsel to take timely action within the original 30 days after the entry of an appealable order to preserve his right of appeal. This he failed to do." 377 F.2d at 253-254.

The reasoning of the Winchell case applies to the present case. In the present case the plaintiff's attorney had notice shortly after the judgment was entered. The plaintiff actually knew that the case had been decided against him. He knew that he had 30 days from the entry of judgment within which to file an appeal and yet he waited approximately 8 weeks to contact his attorney. Given these factors, plus the fact that the attorney was served with the required notice, the District Court did not abuse its discretion in finding there was no excusable neglect.

Affirmed.

_____
Chief Justice

- 5 -

*Gene B. Daly*

*John Conway Harrison*

*Daniel J. Shea*

*John C. Sheehy*
                                  Justices