NO. 94-044

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

NORTHWEST TRUCK & TRAILER SALES,
INC., a Montana corporation,

    Plaintiff and Appellant,

-v-

ROGER W. DVORAK and PATRICIA J.
DVORAK,

    Defendants and Respondents.

FILED

JUN 28 1994

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the county of Yellowstone,
The Honorable Maurice Colberg, Jr., Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

        Clifton W. Hayden, Stewart R. Kirkpatrick, Murphy &
Kirkpatrick, Billings, Montana

      For Respondent:

        Jack E. Sands, Billings, Montana


Submitted on Briefs: April 28, 1994

Decided: June 28, 1994

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff Northwest Truck & Trailer Sales, Inc. (Northwest) appeals the order of the District Court of the Thirteenth Judicial District, Yellowstone County, granting the motion of defendants Roger W. Dvorak and Patricia J. Dvorak (the Woraks) for an extension of time to file their notice of appeal. We affirm.

The sole issue for review is restated as follows:

Did the District Court err by granting the Dvoraks' motion to extend the time for filing their appeal?

This appeal arises from the Woraks' failure to file their notice of appeal from a judgment within the thirty days prescribed by Rule 5(a)(1), M.R.App.P. Northwest sued for a deficiency judgment stemming from the Dvoraks' breach of a contract to purchase a 1987 Peterbilt truck. Judgment reflecting the jury verdict and awarding the sum of $31,663.52 was entered in favor of Northwest on October 20, 1993.

On November 22, 1993, a Monday, the Woraks filed their Notice of Appeal appealing the judgment and hand-delivered the same to Northwest's counsel. Unquestionably, this Notice of Appeal was filed and served beyond the initial thirty-day period allowed by Rule 5(a)(1), M.R.App.P. The thirty-day period for appeal ended on the previous Friday, November 19, 1993. On November 23, 1993, the Woraks' counsel filed a motion to extend the time to file their notice of appeal, along with their counsel's affidavit stating the reasons for late filing. Counsel for the Woraks further stated in his affidavit that this constituted neglect and asked that it be

2

deemed excusable neglect.

After a hearing on the motion to extend the time for filing the appeal, the District Court granted the Dvoraks' counsel's motion on the basis of both good cause and excusable neglect. The court noted that the question whether this constituted excusable neglect was very close in this case, nonetheless concluding that miscalendaring the appeal time constituted excusable neglect as well as good cause, a lesser showing than excusable neglect.

Did the District Court err by granting the Dvoraks' motion to extend the time for filing their appeal?

As a preliminary matter, the Woraks contend that this is not an appealable order because it is not specifically set forth in Rule 1, M.R.App.P. They have attempted to insert this as an issue for the Court to consider, but have failed to properly raise the issue in a cross-appeal. However, in Sadowsky v. City of Glendive (1993), 259 Mont. 419, 856 P.2d 556, we noted that a _denial_ of a motion for extension of time to file an appeal is also not listed as an appealable order and, therefore, Rule 1, M.R.App.P., on its face prohibited the appeal in that case, which we then proceeded to address on the merits, stating as follows:

> Because the denial of an extension of time to file a
> notice of appeal is not simply a ministerial act, but is
> a decision within the discretion of the district court,
> we conclude that it would be unjust to deny the right of
> appeal from such a decision. We therefore hold that the
> denial of a . . . motion for an extension of the time
> allowed for filing a notice of appeal is an appealable
> order.

_Sadowsky,_ 856 P.2d at 558. Rule 1, M.R.App.P., allows appeal "from any special order made after final judgment." We conclude this is

3

such an order as was the order in Sadowskv.

We are presented with an issue of law which this Court has not specifically addressed concerning the June 16, 1986 amendment to Rule 5(a)(1), **M.R.App.P.** (1985). That amendment added the additional standard of "good **cause**" for extending time for filing a notice of appeal by an additional thirty days beyond the original thirty-day limit. <u>See</u> Rule 5(c), **M.R.App.P. Prior to** January 19, 1987, the effective date of that amendment, only a showing of excusable neglect would permit an extension of time for filing an appeal.

The 1986 amendment was patterned after similar changes in 1979 to Rule 4 of the Federal Rules of Appellate Procedure. Northwest contends that this Court should follow the lead of the majority of the federal circuit courts of appeal and interpret the rule to mean that **"good cause"** only applies to motions made prior to the expiration of the initial thirty-day period for filing a notice of appeal. Northwest further argues that the "excusable neglect" standard--a higher standard than good cause--applies to all motions to extend the time for filing a notice of appeal which are filed after the expiration of the initial thirty-day period.

Northwest relies on the Ninth Circuit decision in State of Oregon v. Champion **Int'l** Corp. (9th Cir. **1982),** 680 **F.2d** 1300, 1301, (quoting Advisory Committee Notes to 1979 Amendment to Rule **4(a)(5),** Fed.R.App.P.), which states:

> The good cause language was added to the Rule by a 1979 amendment because the excusable neglect standard "never fit exactly the situation in which the appellant seeks an extension before expiration of the initial **time."**

4

In <u>Oregon</u>, the court applied the good cause standard only to motions made during the initial thirty-day appeal period and the excusable neglect standard only to motions filed after the initial thirty-day period for appeal. We do not agree with the Ninth Circuit that these motions are so limited in application.

Further, the Ninth Circuit decided another case within days of the <u>Oreo-on</u> case which stated that a motion for an extension of time, filed after the expiration of the original appeal time, could be granted "only upon a showing of excusable neglect or good cause," citing the same Rule 4(a)(5), Fed.R.App.P. <u>See</u> Sprout v. Farmers Ins. Exch. (9th Cir. 1982), 681 F.2d 587, 588. Both cases were decided by three-judge panels and Chief Judge Browning sided with the majority in both cases, with no mention made of the <u>Svrout</u> decision in Oregon. <u>See</u> 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: Jurisdiction § 3950 (1977 and 1994 Supp.).

Not all federal circuit courts have agreed with the Oregon principle. In Scarpa v. Murphy (1st Cir. 1986), 782 F.2d 300, 301, the court stated:

> . . . We regard the <u>Oregon</u> court's statement that the phrase "good cause" is applicable only when the motion is filed before the time for filing the appeal has expired, 680 F.2d at 1310, as an <u>unwarranted maiming of the rule.</u> Plaintiff mistook the ground for his motion. The rule expressly recognizes "good cause" as a basis for extension both before and after the expiration of the appeal time. There was no mistake by counsel, excusable or otherwise. Rather, there was inexcusable neglect by the Post Office to take more than five days . . . to transmit an adequately addressed letter three miles, and no basis for charging counsel for failing to think that more might be needed. The court should have given the motion a practical meaning, cf. Foman v. Davis, 371 U.S.

5

178, 83 **S.Ct.** 227, 9 **L.Ed.2d** 222 **(1962),** as including **"good** cause," and should have found such.

Like the federal rule, the plain language of Rule 5(c), **M.R.App.P.,** does not support Northwest's argument that we should adopt the reasoning of the majority of federal courts which require a separate standard before and after the expiration of the initial thirty-day time for filing an appeal. We therefore decline to adopt the rationale of those courts which restrict the application of the good cause standard. We emphasize that Rule 5(c), **M.R.App.P.,** is clear on its face, providing that **"The** district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than the 30 days after the expiration of the time prescribed by Rule **5(a)."**

Moreover, this Court's former decisions have not so limited the excusable neglect standard to motions filed after the initial thirty-day period. In In Re the Marriage of Bahm **(1987),** 225 Mont. 331, 333, 732 **P.2d** 846, 847 (citing Zell v. Zell **(1977),** 172 Mont. 496, 565 **P.2d 311),** the Court noted that a motion for extension based on excusable neglect may be filed before or after expiration of the first thirty days. Northwest has provided no persuasive argument for treating the good cause standard differently. In fact, this Court has already applied the good cause standard in **Kizer** v. Semitool, Inc. **(1991),** 251Mont. 199, 824 **P.2d** 229, a case where the motion to extend the time for filing a notice of appeal was filed after the initial thirty days expired. See also First Security Bank of Havre v. Harmon **(1992),** 255 Mont. 168, 841 **P.2d**

6

521.

In <u>Kizer</u>, Semitool similarly had filed a motion to extend the time for filing the notice of appeal one day after the initial thirty-day period expired. The district court applied the good cause standard to extend the time for filing a notice of appeal after the expiration of the initial thirty-day period. Without discussion, this Court held that Semitool's notice of appeal was timely filed. <u>Kizer,</u> 824 P.2d at 231. We conclude the District Court correctly followed prior case law interpreting Rule 5(c), M.R.App.P. We further conclude that <u>Bahm</u>, <u>Zell</u>, <u>First Security Bank of Havre</u> and <u>Kizer</u> support the better-reasoned view and decline to overrule them.

We next address the District Court's findings that both good cause and excusable neglect were present in this case. Rule 5(c), M.R.App.P., gives the district courts discretion to extend the time for filing a notice of appeal upon a finding of good cause or excusable neglect. We therefore review these findings of the District Court to determine whether the court has abused its discretion.

Good cause is a more liberal standard than excusable neglect and the addition of that standard to Rule 5(c), M.R.App.P., in 1986 was intended to provide greater flexibility to the district courts in reviewing motions for extending the time for filing a notice of appeal. Counsel for Dvoraks' affidavit included the following as reasons to support a finding of excusable neglect:

. . .

7

3.  The Dvoraks expressed their interest in filing this appeal ever since the verdict was rendered. We agreed that the Dvoraks would provide the costs of the appeal in advance and that the appeal would be filed when arrangements for the payment of costs were made.  I understood that this might mean I would not file the appeal until near the end of the period to appeal.  I always understood that the Dvoraks intended that the appeal be filed in a timely manner.

4.  I was served with the notice of entry of judgment in this case late in the day on October 20, 1993. The service was by hand.

5.  I was very busy that day and just accepted the notice without calendaring it at that time.  I calendared it the next day.

6.  I incorrectly calendared the deadline for filing the notice of appeal for November 22, 1993, for the following reasons:

a.  One day delay in calendaring resulted from the fact that the notice was received late in the day.

b.  The notice was hand-delivered rather than the [sic] served by mail, which would give an additional three days in which to file the appeal.  I usually receive notices by mail rather than by hand.

c.  I inadvertently viewed 30 days as a month, which would allow until November 22, 1993 to file the notice of appeal.

. .

The District Court concluded as follows:

Here the Court concludes that the showing made by defendants would constitute good cause to extend the time for filing notice of appeal.  Whether such showing is sufficient under the excusable neglect standard is more difficult.  The Court recognizes that the federal cases have interpreted excusable neglect strictly. Extensions for excusable neglect are normally only granted in exceptional cases where injustice would otherwise result. It may be found when unpredictable events affect the delivery of a notice of appeal such as uncontrollable delays in delivery of mail and illness of counsel. However mere ignorance of the law or the rules is not considered to be excusable unless the failure has been

8

caused by a plausible misconstruction of the rules. The burden is on the party demonstrating **excusability.** In the federal cases excusable neglect will not be found **"when** the failure to timely file an appeal is caused by palpable oversight, administrative or **clerical** errors by the attorney or the attorney's staff, an attorney's busy schedule, or deliberate strategic decisions. . **."**. 9 <u>Moore's Federal Practice</u> ¶ 204.13 [**1.-3**] p. 4-107.

It would be difficult to excuse a mistake made by reason of an addition of three days when service was not accomplished by mailing but by personal service. Is it an administrative or clerical error to count October as a 31 day month instead of a 30 day month, and attempt to excuse that neglect within the rules? Without question it would be a very close case. The Court concludes in this very close case that it will find such miscalendaringto constitute excusable neglect as well as good cause. The Court feels impelled to add that it is difficult not to consider the fact that the notice of appeal was only filed one business day late.

We agree with the District Court that this is a very close case.

In McCormick v. McCormick **(1975),** 168 Mont 136, 139, 541 **P.2d** 765, 766, this Court discussed the excusable neglect standard, noting that district courts should be permitted to extend time in cases where injustice would otherwise result. In <u>McCormick,</u> the Court restated the rule in Montana which is that each case must be determined on its own facts and when the motion is promptly made and is supported by a showing which leaves the court in doubt or on which reasonable minds might reach differing conclusions, doubt should be resolved in favor of the motion. <u>McCormick,</u> 541 **P.2d** at 767.

The Third Circuit in Consolidated Freightways Corp. of Del. v. Larson (3rd Cir. **1987),** 827 **F.2d** 916, 919, has stated that a thoughtful analysis of the issue requires, at a minimum, that the following factors be weighed and balanced: (1) whether the

inadvertence reflects professional incompetence such as ignorance of the rules of procedure, (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, (4) whether the inadvertence reflects a complete lack of diligence, or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

A recent decision of the United States Supreme Court provides further guidance concerning factors to consider in determining excusable neglect.   In Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership (1993), \_\_\_, U.S. \_\_\_, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74, 89-90, the Supreme Court stated that all relevant factors should be considered, including the danger of prejudice, length of delay and its potential impact on judicial proceedings, reason for the delay and whether it was within the reasonable control of the movant, and whether the movant acted in good faith.   Although Pioneer addressed excusable neglect in the context of Rule 9006(b)(1), 11 U.S.C.A., of the Federal Rules of Bankruptcy Procedure and not under the Federal Rules of Appellate Procedure, the Supreme Court nonetheless granted certiorari based on the conflict in the courts of appeals over the meaning of excusable neglect in both bankruptcy cases and cases interpreting Rule 4(a)(5), Fed.R.App.P.   Pioneer, 113 S.Ct. at 1494. Accordingly, we conclude these are factors which may be properly considered in assessing the facts on a case by case basis to

10

determine whether a motion for extension of time should be granted to the movant.

The District Court was in a better position to assess the credibility of the rationale provided by counsel for the Dvoraks in support of the motion for extension of time to file the notice of appeal, including the risk of prejudice, reason for and impact of the delay, and the good faith of counsel for the Dvoraks. We conclude the District Court did not abuse its discretion in finding good cause and excusable neglect based on the unique facts of this case.

We hold the District Court properly granted the Dvoraks' motion to extend the time for filing their appeal based on good cause and excusable neglect.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

11

Justice James C. Nelson specially concurring:

I concur with the result reached by the Court in its opinion. In doing so, I do not concur with all that is stated in the opinion, however.

I would defer to the discretion exercised by the District Court in its finding that Dvoraks' counsel demonstrated the lesser standard of good cause under Rule 5(c), M.R.App.P. I submit, however, that, as a practical matter and under the facts here, we have now set the good cause standard so low as to nearly eliminate the standard altogether.

I would not find that counsel's conduct met the higher standard of excusable neglect. The Advisory Committee Notes to Rule 5 indicate that the time for filing an appeal should be extended for excusable neglect only ". . . in extraordinary cases where injustice would otherwise result." Advisory Committee Notes to Original Rule 5, M.R.App.P., Annotations, MCA. This is simply not such a case under any definition of that concept heretofore utilized by this Court. In In Re the Marriage of Bahm (1987), 225 Mont. 331, 732 P.2d 846, we held that counsel's busy schedule did not constitute excusable neglect: in McCormick v. McCormick (1975), 168 Mont. 136, 541 P.2d 765, we refused to find excusable neglect because the appellant changed her mind about filing an appeal: in Neuringer v. Wortman (1980) 186 Mont. 298, 607 P.2d 543, we did not find excusable neglect justifying an extension of time in which to file an appeal where the party knew that the case had been decided against him and where he knew that he had thirty days in which to appeal, but failed to do so.

Without belaboring the point further, we have extensively defined the parameters of excusable neglect in the context of untimely motions under Rule 60(b) M.R.Civ.P. While this case does not deal with a Rule 60(b) motion, the conduct on which we have found excusable neglect here is precisely the kind of conduct that we have, for years, consistently rejected as not constituting excusable neglect in other cases.

Given the nature of that conduct here, this case, apparently, now stands for the proposition that there is really no difference between the two standards of good cause and excusable neglect. It begs the question of what, then, was accomplished by the addition of the good cause standard to Rule 5(c) in 1986? Apparently, very little.

Finally, I do not agree with the Court's discussion of Sadowsky v. City of Glendive (1993), 259 Mont. 419, 856 P.2d 556. In the first place, since there was no cross-appeal filed we should not even consider or address the issue of whether the court's order is appealable under Rule 1, M.R.App.P. See Silva v. City of Columbia Falls (1993), 258 Mont. 329, 332-333, 852 P.2d 671, 674.

Worse, we then cite Sadowsky as authority for holding that the court's order here is appealable. Sadowsky, involved the denial of a motion for extension of time in which to file an appeal. In that case we correctly held that the denial of a motion for extension of time, while not an appealable order under Rule 1, M.R.App.P., nevertheless is appealable because such an order has the effect of a final judgment and effectively and finally concludes the case and

13

the rights of the parties.  Sadowsky, 856 **P.2d** at 558.

To the contrary, the order aranting the extension of time in this case does not have that effect.  Such an order is interlocutory, the case and rights of the parties are not finally concluded and the appeal on the merits is preserved.  If the party against whom the order is issued so desires, he or she may **cross-**appeal the granting of that order as a part of the appeal under Rule 5(a)(3), **M.R.App.P.,** (or, alternatively, the respondent may file a motion to dismiss the appeal.)  Rule 22, **M.R.App.P.**  See, also, 9 Moore's Federal Practice, **§ 204.12(4).**

As we pointed out in Sadowsky,

> ... this court has reviewed instances in which district courts have granted extensions of time for filing a notice of appeal. [case citations omitted].  In those cases, however, the extensions of time were reviewable in appeals of other, **subsequent appealable** orders or **judgments** as "intermediate **order[s]** or **decision[s]** excepted or objected to within the meaning of Rule 46 of the Montana Rules of Civil Procedure, which involve the merits, or necessarily affect the **judgment[.]"** See Rule 2, **M.R.App.P.**  (Emphasis added.)

Sadowsky, 856 **P.2d** at 558.  That is not the situation here.

In gratuitously discussing Sadowsky and in ruling on an issue on which we should not rule, we have ignored or misapplied established precedent, and we have needlessly extended the right of litigants to appeal interlocutory orders of the district court. I cannot agree.

_____
Justice

14

June 28, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the. following named:


James P. Murphy **&** Stewart R. Kirkpatrick
MURPHY **&** KIRKPATRICK
2929 Third Avenue North
Billings, MT 59101

Jack E. Sands
Attorney at **Law**
100 North 27th St., **#250**
Billings, MT 59101

                                        ED SMITH
                                        CLERK OF THE SUPREME COURT
                                        STATE OF MONTANA

                                        BY:_____
                                            Deputy