GEORGE E. CLUTE, Plaintiff and Respondent, v. A. B. CON-
CRETE, Defendant and Appellant.

No. 14023.
Submitted Oct. 16, 1978.
Decided Nov. 29, 1978.
587 P.2d 392.

Tipp, Hoven & Skjelset, Missoula (Thomas W. Frizzel, Missoula, argued), for defendant and appellant.

Milodragovich, Dale & Dye, Missoula (Michael J. Milodragovich, Missoula, argued), for plaintiff and respondent.

MR. SHEEHY delivered the opinion of the Court.

Defendant A. B. Concrete appeals from the order of the District Court, Missoula County, denying its motion to set aside a default judgment.

In February 1973, defendant transferred an asphalt plant to plaintiff George E. Clute, as compensation for paving work plaintiff had performed sometime earlier. Plaintiff did not take possession of the plant and it remained on defendant's premises until the spring of 1976, when defendant sold it to James Day of Missoula, Montana, for $300.00.

In October 1976, plaintiff arranged with a person in Vancouver, Washington, to sell the asphalt plant for $8,000.00. When plaintiff attempted to take possession of the plant defendant informed him that it had been sold. Defendant attempted to rescind the sale to Day, but Day would not agree to this, so defendant asked Day to tender the purchase price to plaintiff. Plaintiff refused to accept the money. Six months later plaintiff filed a complaint in District Court, alleging unlawful conversion of the asphalt plant by defendant.

The complaint was served on Jerry Aaguard, who was listed as the registered agent of the defendant corporation. Aaguard was a past president of the corporation. He had been removed from the presidency in August 1976. Consequently at the time of service, Aaguard had not had business relations with the corporation for eight months. The corporation's directors, who were without legal counsel during this management change, had failed to change the name of the registered agent in the files of the Secretary of State.

Aaguard made no attempt to notify the defendant concerning service of the complaint. Defendant received no actual notice of the

lawsuit until it was reported in the "green sheets" of the local credit bureau. By that time plaintiff had obtained a default judgment against defendant.

The Clerk of Court's minute entry on May 9, 1977, read as follows:

"Harold V. Dye, attorney for the plaintiff, came into court. The defendant having been served personally with summons, and the default of the defendant having been entered by the Clerk on May 4, 1977, pursuant to Praecipe filed herein. Harold V. Dye testified, and IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff recover from the defendant the amount set forth in the Judgment filed herein."

Based upon the testimony of plaintiff's attorney, the District Court awarded the plaintiff a default judgment in the amount of $8,000.00.

On June 14, 1977, shortly after discovering the default, defendant filed a motion to set aside the default judgment on the grounds of excusable neglect, accompanied by an affidavit stating the reason the complaint was not answered, and a proposed answer. A hearing was held on the motion and briefs were submitted. On August 26, 1977, the District Court entered its order denying defendant's motion. This appeal followed:

Defendant presents three issues:

1. Did the District Court's denial of defendant's motion to set aside the default judgment constitute an abuse of discretion?

2. Do negotiations prior to suit constitute an "appearance" under Rule 55, Mont.R.CivP., thereby requiring three days notice before a motion for default can be made?

3. Was testimony by plaintiff's counsel sufficient to prove the total amount of plaintiff's damages?

Montana's Rules of Civil Procedure permit a default judgment to be set aside for the same reasons a trial court would set aside a judgment following a trial on the merits. Rule 55(d), Mont.R.Civ. P., states:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule (60(b) . . ."

Turning to Rule 60(b), Mont.R.Civ.P., we find:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

"(1) Mistake, inadvertence, surprise, or excusable neglect; . . ."

Many parties have appeared before this Court seeking relief from default judgments. Most of the leading cases that establish the parameters of excusable neglect arose prior to January 1, 1962, the date our present rules of civil procedure were adopted. However, adoption of those rules did not mean that the prior decisions of this Court relating to default judgments were being abandoned. *Uffleman v. Labbit* (1968) 152 Mont. 238, 448 P.2d 690; *Sewell v. Beatrice Foods Co.* (1965) 145 Mont. 337, 400 P.2d 892. We look then to the body of caselaw developed through the years for the general rules of law to be applied in determining when a default judgment should be set aside.

Since it is the policy of the law to have every litigated case tried on the merits, judgments by default are not favored. *Reynolds v. Brothers* (1924) 71 Mont. 378, 230 P. 60.

In *Holen v. Phelps* (1957) 131 Mont. 146, 308 P.2d 624, we said:

"In furtherance of justice, trial courts should, in applying the above statute [Sec. 9187, Rev. Codes, 1921, a predecessor of Rule 60(b), Mont.R.Civ.P.], maintain and exercise that liberal spirit which prompted the Legislature to grant them this discretionary power, and while this court will disturb the action of a trial court in opening default only in exceptional cases, 'no great abuse of discretion by the trial court in refusing to set aside a default need be shown to warrant a reversal.'"

A rule repeatedly stated in decisions of this Court comes from *Nash v. Treat* (1912) 45 Mont. 250, 122 P. 745:

"Each case must be determined upon its own facts; and, when the motion is made promptly and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion."

A recent decision, *Purington v. Sound West* (1977) 173 Mont. 106, 566 P.2d 795, noted that because the motion to set aside a default judgment is addressed to the sound discretion of the trial court, this Court will not interfere except on a showing of manifest abuse. While it is true the showing must be manifest, virtually all cases reported state that only a "slight" abuse of discretion is sufficient to set aside a default judgment. See, for example, *U. S. Rubber Co. v. Community Gas and Oil Co.* (1961) 139 Mont. 36, 359 P.2d 375; *White v. Connor* (1960) 138 Mont. 1, 354 P.2d 722; *Cure v. Southwick* (1960) 137 Mont. 1, 349 P.2d 575.

With these rules in mind, we consider the instant appeal.

This is not a situation in which the defendant knows proceedings are taking place against him, but nonetheless chooses not to defend himself. This defendant received legal, but not actual notice of the proceedings until after the default judgment had been entered. Defendant demonstrated its desire to defend by coming into courts shortly after learning of the proceedings, and attempting to set aside the default judgment. A prima facie defense was offered, in affidavit form. Specifically, defendant alleged plaintiff had abandoned the property and for that reason it has been sold to a third party.

Without question defendant was neglectful in failing to replace Jerry Aaguard as its registered agent. Such neglect was not however, inexcusable. The majority of decisions by this Court in which the defendant was denied relief from a default judgment involved neglect by the defendant, despite knowing that proceedings were taking place. For example, in *Hinderager v. MacGinniss* (1921) 61 Mont. 312, 202 P. 200, the defendant knew an action was pending against him for five months before default judgment was entered, and he did not take steps to set it aside until seven

months later. In *Schalk v. Bresnahan* (1960) 138 Mont. 129, 354 P.2d 735, defendant, who knew of the action, but forgot to appear because of other more important business, was inexcusably neglectful.

It would be a harsh result and directly in conflict with the spirit of the Rules of Civil Procedure to determine under these circumstances, that the defendant corporation, which had no actual knowledge of the proceedings, should not have the opportunity to be heard. We find, therefore, the District Court abused its discretion in failing to set aside the default judgment.

Having determined that the default judgment should have been set aside, it is unnecessary for us to consider defendant's alternative issues.

Reversed and remanded for further proceedings.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, SHEA and HARRISON concur.