No. 88-496

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN RE THE MARRIAGE OF CINDY GRECIAN

      Petitioner and Respondent

-and-

STEWART F. GRECIAN

      Respondent and Appellant

APPEAL FROM: District Court of the Sixteenth Judicial District
In and for the County of Rosebud
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gary A. Ryder, Forsyth; Montana

    For Respondent:

        Garry P. Bunke; Forsyth, Montana

Submitted on Briefs: April 13, 1989

Decided: July 7, 1989

Filed:

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by Stewart Grecian from a division of marital property and a determination of child support in a judgment and decree issued against him by the District Court of the Sixteenth Judicial District, Rosebud County. We affirm.

The parties, Cindy and Stewart Grecian were married February 14, 1981 in Forsyth, Montana. One child, Amber, was born of the marriage on August 24, 1982. Cindy filed a petition for dissolution of the marriage January 20, 1988. A hearing on motion for temporary child support and maintenance was held February 8, 1988. The parties entered into a stipulation at the the urging of the District Court which was adopted by the District Court on March 11, 1988. The parties agreed that Stewart would pay $600.00 per month child support and $300.00 per month maintenance during the pending dissolution proceeding. A bench trial was held May 23, 1988. On June 8, 1988 the District Court made its findings of fact and conclusions of law. The judgment and decree were entered on July 7, 1988. Joint custody was ordered with the child residing with Cindy during the school year. Based upon the earlier stipulation, Stewart was ordered to pay $600.00 per month child support reviewable in two years by request of either party. Stewart will not be required to pay child support during summer visitation. Stewart was also ordered to pay $150.00 per month for maintenance for 24 months while Cindy is enrolled in a re-education program.

Property awarded to Cindy includes:

| | |
|---|---|
| Toyota | $2,500 |
| Jewelry/Thimbles | 6,350 |

```
Household goods          8,000
Mobile home              8,000
```
And one-half of the net proceeds of a settlement of a lawsuit in favor of the parties prior to the divorce.

Property awarded to Stewart includes:

```
Olds                  $2,500
GMC 4x4                  300
Chev. Coupe                0
Tools                 25,212
```
Plus the other half of the proceeds of the lawsuit.

The complaint by Stewart about the property distribution is confined to the proceeds of the lawsuit settlement in favor of Stewart and Cindy.

I.

Did the District Court err in its award of one-half of the anticipated proceeds from the settlement of the lawsuit resolved prior to the divorce?

According to testimony presented at trial by Cindy, Stewart's father (Richard) had a power of attorney from Stewart. Richard deeded property in California to Stewart and was conducting real estate transactions with Stewart's power of attorney without Stewart's knowledge. Cindy and Stewart began to receive bills and tax notices associated with the property. Cindy and Stewart hired an attorney to revoke the power of attorney but still ended up having to pay taxes on part of the property and Richard refused to reimburse Cindy and Stewart. Richard sued Cindy and Stewart to get the property back and Cindy and Stewart countersued. The matter was settled for $50,000.00 plus 26% net equity value of the real estate involved. As of the date of the hearing, the settlement proceeds had not been paid, although Cindy stated she expected the amount to be approximately $250,000.00 before attorney fees are deducted. Stewart claims the property Richard deeded to him and eventually sued

him for were gifted to him, and should not have been considered by the court as part of the marital estate.

The District Court, in its findings of fact, characterizes the right to receive the proceeds of the settlement as a chose in action which is personal property that can be divided by the District Court. Stewart argues that the District Court erred by finding that Cindy automatically obtained an interest in the land (prior to its transformation to personal property) because California is a community property state. Stewart cites Hughes v. Hughes (1978), 91 N.M. 339, 573 P.2d 1194 for the proposition that the domicile of the parties is what determines whether property acquired during the marriage is subject to community property law or, as in Montana, equitable distribution law. This is a misstatement of that case. In Hughes, the court stated the general rule as:

> . . . funds or property, brought in from a non-community property state where the funds or property were there considered to be the separate property of an individual, will retain the same character when traceable into New Mexico property.

Hughes, 573 P.2d at 1198; citing Koprian v. Mennecke (1949), 53 N.M. 176, 204 P.2d 400.

The facts involved in Hughes distinguish it from the present case. In Hughes, the husband had separate property in Iowa, reduced the property to monetary form, moved to New Mexico (a community property state) where he invested the money in another piece of real property. Upon divorce, husband contended community property law did not extend to the New Mexico property because it could be traced to his separate property in Iowa and the New Mexico court agreed. The New Mexico Court applied Iowa law which is essentially equitable distribution and arrived at the same result. The present case involves property located in California and the

- 4 -

domicile of the parties has always been Montana.  The Montana courts do not have jurisdiction over real property located outside its jurisdiction, nor would Montana law apply.  In the final analysis, it does not really matter because the character of the property was transformed from real property outside the state of Montana, which the Montana court would have no power over, to personal property found in the state of Montana, over which the Montana court does have jurisdiction to equitably distribute under § 40-4-202, MCA.

Judgment by the District Court will not be altered in a dissolution proceeding unless a clear abuse of discretion is shown.  Marriage of Dalley (1988), ___ Mont. ___, 756 P.2d 1131, 1133.  We hold that the District Court did not abuse its discretion by awarding Cindy one-half of the settlement in the case in which she was a named defendant.  There is substantial evidence in the record to indicate something more was going on than a gift to Stewart from his father.  It appears that Richard was attempting to make transfers of property without incurring tax liability which cannot be categorized as a gift.  If analyzed under either community property law or equitable distribution law, the same result is reached.  Maintenance of this asset involved being a party to the lawsuit initiated by Richard and he named both Stewart and Cindy as defendants and both participated in the defense which resulted in the settlement at issue.  There is no set formula as to how assets of this type are to be distributed, and each case is decided on its own merits.  Marriage of Herron (1980), 186 Mont. 396, 404, 608 P.2d 97, 101.  We, therefore, affirm the division of this marital property.

## II.

Did the District Court err in its determination of child support?

Stewart, the appellant, sets out the issue as to whether the District Court erred in its determination of child support by failing to apply the Child Support Guidelines adopted by this Court. We stress that our order dated January 13, 1987 adopting the Child Support Guidelines specifically provide that the Guidelines are not binding upon judges and further:

> We so order to prevent appeals based upon claimed failure to observe or follow these guidelines.

The court, in setting the amount of child support, looked to the stipulation of the father that he would pay $600 per month in temporary child support. The evidence is not clear as to the actual income of the father because of his extra-employment activities, but his earnings average over $35,000 per year. The wife had no employment at the time of the decree, except for part-time cleaning work. The decision of the court to continue for two years the monthly amount stipulated for during the pendency of the lawsuit seems reasonable, especially since no support is due during the two months the child will be with the father. Because of the temporary nature of the amount of child support, and the amount stipulated, we find no abuse of discretion at this point relating to child support. Thus, the court considered the relevant factors. Marriage of King (1985), 216 Mont. 92, 700 P.2d 591.

Affirmed.

_____
Justice

We Concur:

- 6 -

_J. A. Turnage_
Chief Justice

_William E. Hunter_

_R. C. McDonough_

_L. C. Hutchinson_
Justices