No.   95-034

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN THE MATTER OF THE INVESTIGATIVE
RECORDS OF THE CITY OF COLUMBUS POLICE
DEPARTMENT:

CYNTHIA GAUSTAD, as the Parent
and next friend of M.G.,

     Petitioner/Appellant,

     -v-

CITY OF COLUMBUS

     Respondent/Respondent.

FILED

AUG 21 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
                In and for the County of Stillwater,
                The Honorable Maurice Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Jeffrey T. Renz & Associates, Missoula, Montana

     For Respondent:

          Douglas D. Howard, Heard & Howard, Columbus, Montana

Submitted on Briefs:   April 27, 1995

Decided:   August 21, 1995

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

The Appellant, Cynthia Gaustad (Gaustad), appeals from the Thirteenth Judicial District Court, Stillwater County, memorandum and order denying her motion for attorney fees. We affirm.

We address the following issue on appeal: Did the District Court abuse its discretion by denying Gaustad's motion for attorney fees?

## Background

On February 19, 1992, an adult at the Columbus Elementary School allegedly assaulted Gaustad's minor son. In the course of investigating the alleged assault, the City of Columbus Police Department interviewed more than a dozen witnesses. No criminal charges were filed.

On March 26, 1992, Gaustad filed a petition in the Thirteenth Judicial District, Stillwater County, seeking release of information in the City of Columbus' investigatory file and seeking an award of attorney fees. After an in camera inspection, the District Court allowed Gaustad limited access to the investigatory file, but denied her motion for attorney fees. She appealed the District Court's order denying her motion for attorney fees. We remanded the order holding that 1) an award of attorney fees pursuant to § 2-3-221, MCA, is discretionary rather than mandatory; and 2) remand was appropriate because the denial of attorney fees lacked sufficient explanation or rationale and new case law was available regarding the applicable statute. On November 28, 1994, the District Court issued a 13-page memorandum and order denying

2

Gaustad's motion for attorney fees. Gaustad appeals the District Court's order denying her motion.

## Discussion

Did the District Court abuse its discretion by denying Gaustad's motion for attorney fees?

Gaustad claims that upon weighing the relevant factors, the District Court abused its discretion because it made a clear error of judgment in its conclusion to deny Gaustad's motion for attorney fees. We review a trial court's discretionary ruling to see if the trial court abused its discretion. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603-04. We will reverse the trial court only if its findings are clearly erroneous and result in an abuse of discretion. Rule 52(a), M.R.Civ.P. "The test of abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." Goodman v. Goodman (1986), 222 Mont. 446, 448, 723 P.2d 219, 220. We will not substitute our judgment for the district court's judgment unless it clearly abused its discretion. In Re Marriage of King, 216 Mont. 92, 95, 700 P.2d 591, 593.

Gaustad claims that she is entitled to attorney fees pursuant to § 2-3-221, MCA, which provides in pertinent part:

> **Costs to plaintiff in certain actions to enforce constitutional right to know.** A plaintiff who prevails in an action brought in district court to enforce his rights under Article II, section 9, of the Montana constitution may be awarded his costs and reasonable attorneys' fees.

3

Gaustad correctly cites § 2-3-221, MCA, as the only authority for an award of attorney fees in cases brought under Article II, Section 9 of the Montana Constitution, the right to know provision. Montana's Constitution does not provide a right to attorney fees. Additionally, we have held that generally there can be no recovery for attorney fees unless authorized by statute or contract. Miller v. Titeca (1981), 192 Mont. 357, 366, 628 P.2d 670, 676. Under this rule, Gaustad would not have a right to attorney fees at all, absent § 2-3-221, MCA, which clearly makes the award of such fees discretionary.

As we held in Matter of Investigative Records (1994), 265 Mont. 379, 877 P.2d 470, pursuant to § 2-3-221, MCA, a plaintiff who prevails may be awarded attorney fees; the word "may" is permissive and therefore gives the district court the discretion to award attorney fees. We have not held in any of our decisions interpreting § 2-3-221, MCA, that the trial court "must" award attorney fees to a prevailing plaintiff, and we decline to do so here.

In the instant case, the District Court conscientiously balanced the competing rights and interests of the individual's right to privacy with the public's right to know. Moreover, in balancing these competing rights and interests, the District Court carefully analyzed the controlling cases of Allstate Insurance Company v. City of Billings (1989), 239 Mont. 321, 780 P.2d 186 and Bozeman Daily Chronicle v. City of Bozeman (1991), 246 Mont. 386, 804 P.2d 376.

4

Having reviewed the District Court's thirteen-page memorandum and order analyzing the applicable case law and setting forth its rationale for denying Gaustad's motion for attorney fees, we conclude that the District Court clearly employed conscientious judgment and did not exceed the bounds of reason in its decision. Accordingly, we hold that the District Court did not abuse its discretion in refusing to award Gaustad her attorney fees under § 2-3-221, MCA.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5