JUSTICE ERDMANN
dissenting.
I respectfully dissent from the Court’s opinion.
This Court has stated that an underlying concern to any review of default is that every litigated case should be tried on the merits and that judgments by default are not favored. Lords v. Newman (1984), 212 Mont. 359, 363, 688 P.2d 290, 293. This principle is the cornerstone of appellate review of default. Lords, 688 P.2d at 293. A second principle that constantly appears in our case law is that trial courts are vested with a certain amount of discretion when they consider a motion to set aside a default. Lords, 688 P.2d at 293.
Two standards of review have emerged from our attempt to observe these guiding principles of review on motions to set aside a default. Lords, 688 P.2d at 293. One standard applies when the trial court has denied a motion to set aside the default. In these instances the resulting standard of review is that “no great abuse” or only “slight abuse” is sufficient to reverse an order refusing to set aside a default. Lords, 688 P.2d at 293.
The second standard arises in situations like the present case when the trial court has granted the motion to set aside the default judgment. In these circumstances, a stricter standard of review emerges due to the combined policy considerations of letting the parties have their day in court and our respect for the trial court’s sound discretion. The action of the trial court will only be set aside upon a showing of “manifest abuse” and an order setting aside a default judgment will be reversed only in exceptional cases. Lords, 688 P.2d at 293 (citing McClurg v. Flathead Cty. Comm’rs (1980), 188 Mont. 20, 610 P.2d 1153; Kootenai Corp. v. Dayton (1979), 184 Mont. 19, 601 P.2d 47; Nolen v. Phelps (1957), 131 Mont. 146, 308 P.2d 624).
The record in the present case indicates that the summons, complaint, and first discovery requests were received at Empire’s corporate office in Nebraska on March 13, 1995. The documents were routed to Empire’s claims department and were hand delivered to David Sedlacek, who is responsible for supervising and assigning claims. Sedlacek’s handwriting appears on the documents and he testified that his notes on the documents reflect that he looked up the claim on the computer, found the date of loss, claim number, and identity of the claim handler. The computer claim information also *531 indicated that the claim was closed.[1] Sedlacek stated that his normal procedure, at that point, would have been to hand the summons and complaint to the claims clerk and instruct him or her to pull the closed file from basement storage and deliver it to the claims handler. Heidee Dorr was Sedlacek’s newly hired claims clerk at the time. Apparently, Dorr improperly filed the documents in the closed file and Sedlacek indicated it was his belief that Dorr’s actions were the result of miscommunication.
Empire did not respond to the complaint and on April 25,1995, the clerk of court ordered a default judgment on liability against Empire. Ahearing on damages was held on October 2,1995, for which Empire was not provided notice and in which Empire obviously did not participate. Following the hearing, the court entered a final judgment against Empire for $15,000 in compensatory damages and $600,000 in punitive damages for its liability for bad faith in defending a slow-speed, noninjury intersection accident which was settled for $3,000.
Roberts filed the final judgment in Nebraska on November 27, 1995. On December 4, 1995, Empire filed a motion for relief from judgment citing Rule 60(b)(1) and (6), M.R.Civ.P., and the following day filed an amended motion citing the additional authority of Rule 55(c), M.R.Civ.P.
Rule 60(b), M.R.Civ.P., provides in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect... or (6) any other reason justifying relief from the operation of the judgment.
Empire argued to the District Court that Roberts’ complaint was misfiled through mistake, inadvertence, or excusable neglect and therefore relief was appropriate under Rule 60(b)(1), M.R.Civ.P. In the alternative, Empire argued that Rule 60(b)(6), M.R.Civ.P., should be applied to grant relief due to the extraordinary circumstances of *532 the case, including the substantial amount of money awarded. In granting Empire’s motion, the District Court stated that:
There is very little, if any, discussion of the fundamental purpose of Rule 60(b)(1) and why such a Rule is absolutely necessary to the law and to the administration of justice. As the Court views the matter, Rule 60(b)(1) provides a basic correction system for protecting the legal process from errors caused by neglect, inadvertence, and mistake — clearly, improper foundations upon which to base legal judgments.
In its conclusion, the District Court concurred with this Court’s holding in Clute v. A.B. Concrete (1978), 179 Mont. 475, 587 P.2d 392:
Each case must be determined upon its own facts; and when the motion is made promptly and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion.
Clute, 587 P.2d at 395.
The majority correctly notes that no Montana case clearly establishes the parameters of “manifest abuse of discretion.” The majority adopts Roberts’ argument that the District Court manifestly abused its discretion by not applying the law correctly. However, the test for abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. Gaustad v. City of Columbus (1995), 272 Mont. 486, 488, 901 P.2d 565, 567. “Manifest” is defined as: “obvious to the understanding, evident to the mind, not obscure or hidden and is synonymous with open, clear, visible, unmistakable ... and self-evident.” Black’s Law Dictionary 962 (6th ed. 1991). Thus, under a “manifest abuse of discretion” standard of review, this Court may only reverse a lower court if it is obvious that the court abused its discretion.
This Court has defined “mistake” as some unintentional act, omission or error arising from ignorance, surprise, imposition or misplaced confidence. In re Marriage of Broere (1994), 263 Mont. 207, 209, 867 P.2d 1092, 1094. The present case involves a mistake in Empire’s office procedures — a mistake that should not be fatal to its defense of the bad faith tort claim. Dorr was supposed to pull the closed Roberts v. Hinkle file and transfer the suit papers to a claims handler. Instead, the complaint mistakenly ended up in the closed file. Dorr misunderstood her instructions, or the instructions were not clearly given, and the “mistake” that resulted was due to an *533 omission or error arising from misplaced confidence between members of the organization. The record before the District Court clearly established a breakdown in office procedures resulting in a misfiled complaint. The court did not manifestly abuse its discretion when it determined that the facts of the case fell within the meaning of “mistake” under Rule 60(b)(1), M.R.Civ.P.
Rule 55(c), M.R.Civ.P., states that a court may set aside an entry of default for “good cause shown” and this Court has set forth four elements to determine when such good cause exists. The defendant is required to show (a) excusable neglect; (b) that he or she proceeded with diligence; (c) that the judgment, if permitted to stand, will affect him or her injuriously; and (d) that there is a defense to the plaintiff’s cause of action upon the merits. Blume v. Metropolitan Life Ins. Co. (1990), 242 Mont. 465, 467, 791 P.2d 784, 786 (citing Kootenai, 601 P.2d at 51).
The majority states that “[cllearly, the facts here establish careless conduct amounting to inexcusable neglect.” I disagree. Under the facts of this case, including the fact that the initial claim had been settled, paid, and closed out, Empire’s conduct demonstrates excusable neglect. Prior to receiving the complaint, Empire had not received any notice of Roberts’ intention to file an unfair claims settlement practices action. Dorr was in her second week of work on March 13,1995. She was trained by Empire and recognized to be competent at performing her duties at the end of her first week on the job. Even though the complaint apparently was not “flagged” as is standard procedure in this type of case, there is no evidence that this was anything more than an oversight — a mistake — which was compounded by the misfiling of the complaint. In this regard, this case is similar to Keller v. Hanson (1971), 157 Mont. 307, 485 P.2d 705, where a default judgment was initially entered but later set aside pursuant to Rule 60(b)(1), M.R.Civ.P. On appeal, this Court affirmed the district court and noted that:
[Defendants’ attorney after receiving plaintiff’s complaint had somehow misfiled it under defendant Ben Hanson’s name in another file as there were 3 other active files in the office pending at that time in Ben Hanson’s name.
Hanson, 485 P.2d at 706.
Empire also acted with due diligence upon learning of the default judgment. Empire learned of its default on Friday afternoon, December 1, 1995, and on Monday, December 4, 1995, Empire filed its *534 motion for relief from judgment. Furthermore, it is difficult to argue that a $615,000 judgment will not have an adverse affect on Empire.
The record indicates that Empire was not without meritorious defenses to Roberts’ claim. Throughout the underlying case, Hinkle asserted contributory negligence by Roberts and contested clear liability in his answer, interrogatory answers, and deposition. In addition to contesting total liability, Empire stated in its brief in support of its motion for relief from judgment that, contrary to Roberts’ allegations, it did not misrepresent pertinent facts, fail to conduct a reasonable investigation, or fail to effectuate a fair and equitable settlement.
Empire disputed Roberts’ allegation that he could not obtain repair of his vehicle due to Empire’s unfair claims settlement practices and that Empire intentionally deprived Roberts of property and legal rights entitling him to punitive damages. Empire also denied Roberts’ claim for emotional distress damages relying on this Court’s holding in Sacco v. High County Independent Press (1995), 271 Mont. 209, 896 P.2d 411, where we stated that such claims require a showing that the plaintiff’s distress is so severe that no reasonable person could be expected to endure it.
Section 33-18-242(5), MCA, states that an insurer may not be held liable for unfair trade practices if it had a reasonable basis in law or in fact for contesting the claim or the amount of the claim. The record indicates that Empire had asserted a reasonable basis for contesting both its liability for the bad faith claim, as well as the damages assessed, and therefore had raised a meritorious defense to Roberts’ cause of action. I would therefore conclude that Empire satisfied the four elements of the Blume test and demonstrated good cause for setting aside the default judgment pursuant to Rule 55(c), M.R.Civ.P.
In his special concurrence, Justice Nelson emphasizes the incongruity between the scathing nature of the District Court’s findings of fact and conclusions of law from the evidentiary hearing on damages and its order granting Empire’s motion to set aside the default judgment. However, it must be remembered that Empire did not appear at either the hearing on liability or the hearing on damages to present its defense to the bad faith tort claim. Furthermore, the District Court’s failure to reconcile the two rulings does not rise to the level of manifest abuse of discretion. Perhaps the court itself was troubled by the fact that its earlier ruling was based on only one side of the story.
*535 I am no less concerned about abuse of Montana citizens by out-of-state insurers than anyone else. However, the bigger issue here is that Empire did not have its deserved day in court, just as we all would hope courts in other states would allow Montana litigants to be heard. Moreover, here the District Court determined, after reviewing Empire’s motion and supporting brief, that the case should proceed toward trial. Such a determination lies within the sound discretion of the District Court and under the facts of the present case I cannot conclude that the District Court manifestly abused its discretion in granting Empire’s motion to set aside the default judgment.
I would therefore affirm the District Court.

. This case began on November 30, 1992, with an accident at an uncontrolled intersection in Bozeman. That accident resulted in a lawsuit captioned “Mark Roberts v. Dirk Hinkle,” Gallatin County Cause No. DV 93-174. In that casue of action, Roberts accepted an offer of judgment of $3000 on September 12,1994. The District Court also awarded Roberts attorneys fees, and on February 21, 1995, Hinkle’s insurer (Empire) paid Roberts the fee award. The present claim, alleging unfair claims settlement practices by Empire, was filed on March 3,1995.