No. 96-074

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

FILED

NOV 21 1996

CLERK OF SUPREME COURT
STATE OF MONTANA

IN RE THE ESTATE OF MARY K. DAMM,

Deceased.

APPEAL FROM:   District Court of the Seventy Judicial District,
               In and for the County of Richland,
               The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            George T. Radovich, Radovich Law Firm,
            Billings, Montana (for Edwin K. Damm)

            Fred E. Whisenand, McIntee & Whisenand,
            Williston, North Dakota (for Leona Howard)

        For Respondent:

            Mike Weber, Cresap, Weber & Irigoin,
            Sidney, Montana (for Alice Synek)

                              Submitted on Briefs:   September 5, 1996

                                        Decided:   November 21, 1996

Filed:

Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Edwin Damm and Leona Howard appeal from an order issued by the Seventh Judicial District Court, Richland County, approving the final accounting of the estate of Mary K. Damm with respect to its award of personal representative fees and attorney fees. We affirm.

The issues on appeal are as follows:

1. Did the District Court err in setting the amount of compensation to the personal representative?

2. Did the District Court err in approving the fee agreement between the personal representative and the attorney for the estate?

FACTS

Mary K. Damm died testate on April 7, 1993. Mary's last will and testament provided that the residue of her estate be divided in equal shares to her three children, Alice Synek, Edwin Damm, and Leona Howard. The assets of the residuary estate consisted of Mary's residence in Sidney, mineral property located in Richland County, one bond, and numerous bank accounts and certificates of

deposit. Mary also held bank accounts and certificates of deposit in joint ownership with Alice, Edwin, and Leona. Mary nominated Alice to be the personal representative of the estate and the District Court appointed Alice to act in that capacity.

In November 1993, Alice filed her final account, petition for determination of testacy, determination of heirs, and for settlement and distribution of the estate. On December 14, 1993, the District Court conducted a hearing on the matter. At that hearing, Edwin's attorney stated that he had filed a separate complaint against Alice regarding the treatment of certain joint tenancy accounts.[1] Edwin's attorney also objected to the amount of personal representative fees and attorney fees included in the final accounting and argued that closing the estate at that time would be premature. The court agreed to continue the hearing so that Alice and the attorney for the estate could file affidavits in support of their time spent working on the affairs of the estate.

On December 18, 1995, Alice filed her second final account, petition for determination of testacy, determination of heirs, and for settlement and distribution of the estate. Alice sought $14,283 in personal representative fees, and $21,394 in attorney fees. Edwin and Leona both filed objections to the final accounting and on January 9, 1996, the District Court conducted a

---

[1] The companion suit against Alice involved whether or not some of the jointly held bank accounts and certificates of deposit should be included in the estate. The litigation was eventually settled in 1995 and resulted in a significant delay in the final accounting of the estate.

3

hearing on the matter. On February 7, 1996, the court issued its order approving the final account as adjusted. In that order, the court awarded Alice $5,280 in personal representative fees and approved the fee agreement between Alice and the attorneys for the estate. This appeal followed.

ISSUE 1

Did the District Court err in setting the amount of compensation to the personal representative?

In her affidavit filed with the court, Alice indicated she had spent 314.25 hours performing her duties as personal representative. The $14,283 total fee award she sought in the final accounting of the estate resulted in a compensation rate of over $45 per hour. The District Court reduced the number of hours to 264 and the hourly rate to $20, resulting in a total fee award in the amount of $5,280.

Edwin and Leona argue on appeal that Alice inflated her fee in order to "have her vengeance on the other heirs for the poor or unequal treatment she feels she received at the hands of her mother during her lifetime." They contend that Alice was motivated by her own self-interest and submitted false time records and a false affidavit to the court. Edwin and Leona argue that Alice should not be compensated for her time in resisting the separate civil lawsuit and they claim that the maximum number of hours Alice could have expended on the affairs of the estate was 221.75. They claim that $8 per hour is a reasonable rate of compensation since that

4

was the highest hourly rate Alice ever received during the course of her regular employment. Thus, Edwin and Leona maintain that, at best, a fair and equitable fee should be $1,774.

Section 72-3-634(2), MCA, provides that in any dispute concerning fees, the court shall set the fee. We have previously held that the review of fees paid or taken by a personal representative is left to the sound discretion of the district court. Flikkema v. Kimm (1992), 255 Mont. 34, 42, 839 P.2d 1293, 1298. The court's determination will not be overturned absent a showing of an abuse of discretion. Flikkema, 839 P.2d at 1298-99 (citing Estate of Stone (1989), 236 Mont. 1, 768 P.2d 334). The test for abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. Gaustad v. City of Columbus (1995), 272 Mont. 486, 901 P.2d 565.

In the present case, the District Court determined that even though Alice's accounting for her hours varied from the original time sheets to the affidavits supplied to the court, it would give her the benefit of the doubt. The court determined that the hours spent in preparation of the separate civil litigation should not be paid from the estate funds and that "[a]fter reviewing the other hours contained in the time sheets," Alice should be compensated for 264 hours of work. In addition, the District Court held that the filing, deposition, and jury costs associated with the separate

5

stated that the personal representative is free to contract with employees of the estate as long as the fees for such services are not excessive. The court stated that an excessive fee is one that goes beyond the ceiling established by § 72-3-633, MCA, and held that the "statutory language puts an outside limit on what can be contracted for."

Edwin and Leona argue that an attorney should be compensated only for those services which were beneficial to the estate. They claim that Alice and her attorney attempted to keep certain joint accounts out of the estate and that the separate litigation which resulted was not beneficial to the estate. Edwin and Leona argue that the attorney fees should be limited to the attorney's hourly rate multiplied by the amount of time actually spent on handling estate matters. Here, they claim that, at most, the attorney fees should be $3,468, based on 40.8 hours of work at $85 per hour.

Alice argues that when the fee for an attorney is questioned, the court does not set the fee, but rather, reviews the fee arrangement. She claims that the personal representative, not the court, sets the attorney fees in the first instance and that the estate is bound by that agreement. Alice argues that even though the fee contract is open for review, the amount of the fee is not automatically converted into a *quantum meruit* measure of compensation whereby recovery is limited exclusively to the reasonable value of services rendered on an hourly basis. She cites to In re Estate of Magelssen (1979), 182 Mont. 372, 380, 597 P.2d 90, 95, where this

7

Court stated that *quantum meruit* compensation is normally appropriate only where a valid contract does not exist.

Section 72-3-633, MCA, provides that if the services of an attorney are engaged by the personal representative, the compensation of the attorney shall not exceed one and one-half times the compensation allowable to the personal representative. Juxtaposed against that statutory requirement, however, is the situation where the terms of the attorney fee agreement exceed the statutory ceiling. In that regard, the District Court cited to Magelssen, 597 P.2d at 95, where we stated:

> It is clear that a court, when reviewing a fee agreement under a substantially performed contract, cannot blind itself to the terms of the contract and make its own determination of what is reasonable.

In Magelssen, we also stated that:

> We do not believe that section 91A-3-722 [the predecessor to § 72-3-634, MCA, which allows the court to review the employment of attorneys and their fees] was intended to permit competent, fully informed personal representatives to disavow their otherwise enforceable contracts for an attorney's services.

Magelssen, 597 P.2d at 95. Thus, the statutory maximum should not necessarily prevent an award of attorney fees which exceed the ceiling in a situation where the personal representative and attorney have contracted for a higher fee and the contract has been substantially performed. We therefore conclude that in this case the District Court did not abuse its discretion when it determined that the fee agreement between Alice and the attorney must be approved.

8

Nevertheless, the court did not award a specific amount of attorney fees. We must therefore turn to the attorney/client fee agreement in order to determine the amount of attorney fees which should be paid by the estate in this case. According to the attorney's affidavit filed with the court, he and Alice "entered into an oral agreement wherein Alice Synek agreed to pay [the attorney] the maximum fee allowed by Section 72-3-663, MCA [sic]." It is clear that the fee agreement set the attorney fees at the statutory maximum.

In Issue 1 we held that the District Court did not abuse its discretion when it awarded Alice $5,280 in personal representative fees. Thus, the statutory maximum for attorney fees is $7,920 and the final accounting of the estate should reflect that amount.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9

November 21, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

George T. Radovich
Attorney at Law
926 Main, Ste. #9
Billings, MT 59105

Fred E. Whisenand
McIntee & Whisenand, P.C.
P.O. Box 1307
Williston, ND 58802

Mike Weber, Esq.
Cresap, Weber & Irigoin
P.O. Box 1650
Sidney, MT 59270

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *D. Gallagher*
Deputy